## Hecht *v.* Hecht et al.

Apelación procedente de la Corte de Distrito de San Juan.

No. 60.—Resuelto en abril 5, 1907.

Apelación—Escrito de Apelación—Notificación.—Si en las constancias de autos apareciere que el escrito de apelación fué presentado en tiempo, y la notificación del mismo, á la parte contraria, fué practicada también en tiempo, y esas constancias no aparecieren desvirtuadas por prueba alguna en contrario, no debe desestimarse el recurso por haberse interpuesto fuera de término.

Citación—Comparecencia de la Parte—Jurisdicción.—La comparecencia voluntaria de una parte es equivalente á su citación personal y entrega de la copia de la demanda, y desde ese momento la corte adquiere jurisdicción sobre las partes, quedando sometido á ella todo procedimiento subsiguiente.

Herederos—Partición de la Herencia—Bienes de la Herencia Situados en País Extranjero—Jurisdicción.—Sometidos los demandados en este caso, á la jurisdicción de la Corte de Distrito de San Juan, su condición, por lo que respecta al procedimiento, queda equiparada á la de los herederos de un ciudadano puertorriqueño fallecido en país extranjero, dejando bienes muebles é inmuebles radicados en esta Isla y en el extranjero; y en estas circunstancias no puede impugnarse la jurisdicción de la corte de distrito para ordenar la liquidación y partición de *todos los bienes que constituyen el as hereditario del causante* pues los derechos de un heredero no pueden definirse y determinarse teniendo en cuenta únicamente los bienes existentes en Puerto Rico, con exclusión de los que existan en el extranjero, dividiendo así la continencia del negocio, con perjuicio de sus derechos.

Id.—Operaciones Testamentarias—Leyes del País en que Radiquen Parte de los Bienes.—Es aceptable el criterio de la corte inferior al decretar que existiendo bienes inmuebles de la herencia en país extranjero, en todo lo que sea necesario se aplique, para la práctica de las operaciones testamentarias, las leyes del país en donde dichos bienes están situados, y si tales leyes prohibiesen la adquisición por un extranjero de bienes raíces allí situados ó limitaran la extensión de la adquisición, deben ser respetadas, pues la jurisdicción de los tribunales de un Estado no puede afectar los bienes raíces situados en otro Estado.

Id.—El principio á que se refiere el párrafo anterior no implica falta de jurisdicción en la corte inferior para ordenar que en la fijación de los derechos de una de las herederas se tenga en cuenta la masa total de bienes que dejara el causante, pues al proceder así no se dispone que determinados bienes raíces se adjudiquen á la demandante, y no se extiende, por tanto, la acción de tal corte, de un modo concreto, á los bienes situados en el país extranjero, pues la fijación de derechos hereditarios no envuelve necesariamente la posesión ó propiedad de determinados bienes, sino la distribución del as hereditario del causante, que comprende el conjunto ó universalidad de todos los bienes relictos por el mismo.

Id.—Procedimientos de los Tribunales Extranjeros.—Teniendo los Tribunales del país extranjero en que estén situados parte de los bienes de la herencia, jurisdicción propia sobre los mismos, los efectos legales de los procedimientos que ante ellos se sigan, han de ser respetados, no pudiendo los tribunales de Puerto Rico ir contra ellos, siendo en todo caso las partes interesadas las que deben recurrir contra los mismos, ejercitando los derechos que tuvieran en la vía y forma correspondiente.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Acuña y Méndez.*

Abogado del apelado: *Sr. López Landrón.*

El Juez Asociado Sr. Hernández, emitió la opinión del tribunal.

Los esposos Don Felipe Hecht, natural de San Juan de Puerto Rico y Doña Elisa Racine, natural del Cantón de Neufchatel, en la República de Suiza, otorgaron testamentos

mancomunados en la referida ciudad de San Juan, en los días 25 de agosto de 1860, 22 de mayo de 1863 y 16 de mayo de 1885, conteniendo el último testamento cláusula derogatoria de los dos anteriores.

En el testamento de 16 de mayo de 1885 declararon los otorgantes que eran vecinos de la ciudad de Ginebra en la mencionada república y estaban casados, habiendo procreado cuatro hijos, nombrados Teresa, Juan, María y Enriqueta, á quienes instituían por sus únicos y universales herederos; reconoció el Don Felipe como hija natural suya á Doña Margarita Hecht, dejándola por vía de legado de alimentos una pensión de $15 mensuales; confesó á favor de su consorte una aportación matrimonial de 40,0000 francos, procedentes de bienes que heredara de sus difuntos padres; y manifestaron ambos que á la esposa pertenecía una casa situada en la calle de la Fortaleza en esta ciudad, al esposo dos casas, una en la la calle de San Justo y la otra en la ciudad de Ginebra, y á entrambos todos los demás bienes muebles y créditos que pudieran existir á su fallecimiento.

Don Felipe Hecht falleció en 14 de octubre de 1904 en la ciudad de Ginebra, bajo el testamento otorgado en esta ciudad de San Juan el 16 de mayo de 1885.

Con fecha 22 de marzo de 1905 Doña Margarita Hecht, bajo la dirección de los letrados Don Rafael López Landrón y Don Ricardo Lacosta, presentó ante la Corte de Distrito de San Juan demanda jurada, en la que, además de relatar los hechos expuestos, alegó que los tres testamentos de que se deja hecho mérito, la privaban de la legítima forzosa que le correspondía como hija natural reconocida de Don Felipe Hecht, equiparada por la ley á los herederos legítimos; que dichos testamentos declaraban aportaciones matrimoniales de Doña Elisa Racine absolutamente injustificadas; y que la viuda é hijos legítimos de Don Felipe Hecht, desde la fecha del fallecimiento de éste, se estaban aprovechando de los productos de los bienes hereditarios, sin darle participación en ellos, ni rendirle cuentas; por lo que se veía en la precisión

de demandarlos judicialmente y suplicaba se dictara sentencia bajo los siguientes pronunciamientos:

*Primero.* Declaratoria de nulidad de los tres testamentos ya expresados y de cuantas operaciones se hubiesen practicado en ejecución de los mismos.

*Segundo.* Entrega á la demandante de la legítima forzosa establecida en los artículos 904, 905 y 906 del Código Civil vigente en 14 de octubre de 1904, en que falleció Don Felipe Hecht.

*Tercero.* Rendición de cuenta justificada de todos los bienes dejados por Don Felipe Hecht y de sus frutos á partir de la fecha de su muerte.

*Cuarto.* Liquidación y partición de todos los bienes muebles é inmuebles hereditarios, radicados en Suiza y en esta Isla, mediante venta en pública subasta para su más cómoda división.

*Quinto.* Indemnización á la demandante de daños y perjuicios y de los gastos y costas causadas.

Los demandados presentaron contestación jurada por sus abogados Acuña y Méndez, alegando que Don Felipe Hecht había otorgado los tres testamentos ya mencionados con todas las formalidades que exigían las leyes vigentes en la fecha de su otorgamiento; que Don Felipe Hecht había fallecido ciertamente en Ginebra en 14 de octubre de 1904; que la aportación matrimonial de 40,000 francos por Doña Elisa Racine era cierta; y que Don Francisco de Paula Acuña, como apoderado de los demandados, había celebrado distintas conferencias con Don José Julián Ahedo, esposo de la demandante, y en esas conferencias le había manifestado por modo claro y terminante el propósito de los demandados de reconocer á la demandante los derechos legitimarios que como hija natural de Don Felipe Hecht, le concede el actual Código Civil revisado, en sustitución de la cuota alimenticia que su padre le señaló en el último testamento.

Como materia de reconvención agregaron los demandados que á Doña Elisa Racine debían serle reconocidos y regulados

sus derechos hereditarios con relación á su esposo, de acuerdo
con los preceptos del Código Civil revisado, al igual que por
los demandados se reconocen á la demandante sus derechos
legitimarios, con absoluta abstracción del último testamento
y en armonía con la legislación vigente en esta Isla.

En consideración á las alegaciones hechas suplicaron los
demandados:

*Primero.* Que se declare no haber lugar á la nulidad del
testamento otorgado por Don Felipe Hecht en 16 de mayo de
1885, derogatorio de los anteriores, sin perjuicio de que, al
practicarse la partición de sus bienes, se reconozcan á la de-
mandante, en su condición de hija natural, los derechos de
sucesión legítima, de acuerdo con el Código Civil vigente, en
sustitución de la pensión alimenticia señalada en dicho tes-
tamento.

*Segundo.* Que se declare válida y eficaz la aportación
matrimonial de 40,000 francos, que en dicho testamento se
consigna como hecha por la demandada Doña Teresa Racine.

*Tercero.* Que se ordene la rendición de cuentas y entrega
de productos con arreglo al haber que corresponda á la de-
mandante, pues en ello están conformes los demandados.

*Cuarto.* Que se proceda á la partición de los bienes que
constituyen la herencia, bajo el procedimiento establecido en
la Ley de Procedimientos Especiales, aprobada en 9 de marzo
del año 1905.

*Quinto.* Que se ordene que el haber correspondiente á la
viuda Doña Elisa Racine, se fije y liquide con arreglo al Có-
digo Civil vigente.

*Sexto.* Que se imponga á la demandante las costas del
juicio.

Doña Margarita Hecht impugnó la contestación de la de-
manda y contestó la reconvención, oponiendo que la firma
Acuña y Méndez carecía de instrucciones oportunas para con-
fesar, negar ó adicionar, en nombre de los demandados, los
hechos articulados en la demanda; que los testamentos no
habían sido otorgados con arreglo al derecho sustantivo; que

siendo nulos los testamentos, Doña Elisa Racine no tiene más derechos hereditarios que los correspondientes á la sucesión intestada; y que la aportación matrimonial de 40,000 francos por Doña Elisa Racine no era cierta, y había sido hecha con la mira de perjudicar la hija natural reconocida, Doña Margarita Hecht.

Por las razones expuestas, solicitó la demandante fuera desestimado el escrito de contestación á la demanda, como también la reconvención, dictándose sentencia en los términos solicitados en la demanda.

Los demandados, invocando los artículos 139 y 140 del Código de Enjuiciamiento Civil, presentaron escrito enmendando la contestación á la demanda y la reconvención formulada, en el sentido de que la contestación y la reconvención se limitaran única y exclusivamente en cuanto á sus efectos, á los bienes existentes en Puerto Rico, por carecer de jurisdicción la Corte de San Juan sobre los que radican en Ginebra; y como consecuencia de tal enmienda, solicitaron también se entendiera modificada la súplica de la contestación en el sentido de que la participación con que estaban conformes debía contraerse á los bienes existentes en Puerto Rico.

La demandante Doña Margarita Hecht impugnó la anterior enmienda por el fundamento de que los demandados, al contestar la demanda, se habían sometido libre y voluntariamente y sin reserva á la jurisdicción de la Corte de San Juan para el conocimiento y resolución del litigio, en el cual se ventilan la manera y forma de liquidar la unidad del caudal hereditario de Don Felipe·Hecht, cuya continencia no puede dividirse bajo pretexto de cambio de jurisdicción ya aceptada por ambas partes, sin perjuicio de las cortesías internacionales que en su caso deben guardarse; agregando, además, que Don Felipe Hecht, natural de Puerto Rico, no renunció su ciudadanía, que sus hijos todos, también nacidos en esta Isla, la conservan, y que las nupcias, cuyas aportaciones son objeto de liquidación en el pleito fueron celebradas en Puerto Rico con sujeción á las leyes del país.

La corte de San Juan, después de celebrado el juicio, pronunció sentencia en 31 de marzo de 1906, la que, copiada á la letra dice así:

"*Sentencia.*—El día diez y ocho de diciembre de mil novecientos cinco y en corte abierta, se llamó este pleito para la vista por su orden de señalamiento, y comparecieron ambas partes y anunciaron que se encontraban listas para juicio.

"Acto seguido, demandante y demandado hicieron sus alegaciones, y por el mismo orden propusieron y practicaron sus pruebas é informaron oralmente.

"Y la corte, oídas las alegaciones, las pruebas y los informes, dictó sentencia con los siguientes pronunciamientos:

"Primero. No haber lugar á declarar la nulidad de los testamentos otorgados por Felipe Hecht en veinte y cinco de agosto de 1860 y veinte y dos de mayo de 1863 ante los Notarios Camuñas y Giménez, respectivamente, por ser absolutamente innecesaria tal declaración, dado que el mismo testador las revocó y anuló expresamente por su otro testamento de diez y seis de mayo de 1885, otorgado ante el Notario Guerra.

"Segundo. No haber lugar de igual modo á declarar la nulidad del dicho testamento de diez y seis de mayo de 1885, otorgado ante el Notario Guerra, dado que la corte ha podido apreciar, á virtud de la prueba practicada, la certeza de la aportación matrimonial de cuarenta mil francos, hecha por la consorte del testador Felipe Hecht. Y tal testamento deberá cumplirse, armonizando sus cláusulas con el derecho vigente á la muerte del testador, ó sea allá por el día catorce de octubre de mil novecientos cuatro, y

"Tercero. Haber lugar á condenar, como condena, á los demandados, ó sea Elisa Racine y Teresa, Juana, María y Enriqueta Hecht y Racine, á que, reconociendo el carácter de heredera forzosa que ostenta la demandante, como hija natural reconocida, de acuerdo con la Ley Civil vigente en 14 de octubre de 1904, que se aplicará también para todos los demás coherederos, y previo inventario, avalúo, partición y adjudicación de todos los bienes de la herencia, le entregue la parte que le corresponda, debiendo, además, rendirle cuenta detallada y comprobada del movimiento del caudal hereditario á partir de la fecha de la muerte del testador hasta la fecha en que quede terminado el caso, con entrega de la parte proporcional de frutos que le correspondan. Y como en el presente caso existen bienes inmuebles pertenecientes á la herencia radicada en el país extranjero, en todo lo que sea nece-

sario, se aplicarán las leyes del país en donde dichos bienes están sitcs.

"Y como gran parte de lo pedido en la demanda se niega en la sentencia, y como á lo concedido en la sentencia en cierto modo se ha allanado la parte demandada, la corte resuelve que cada parte pague sus propias costas en este caso.

"Y líbrese ejecución para cumplir esta sentencia, que se registrará en el libro de sentencias de esta corte.

"Pronunciada en corte abierta hoy treinta de marzo de mil novecientos seis.

"Registrada hoy treinta y uno de marzo de mil novecientos seis.''

La representación de los demandados interesó la celebración de un nuevo juicio, bajo moción fundada en que la sentencia definitiva pronunciada es contraria á la ley, y después de discutida dicha moción, fué declarada sin lugar por orden de 31 de mayo de 1906.

Contra esa orden interpuso apelación la representación de los demandados, sin que contra la sentencia interpusiera igual recurso, siendo de notar que la representación de la parte apelante en su alegato escrito ante esta corte, solicita se declare con lugar el recurso, anulando la sentencia apelada en cuanto al particular de la misma que la extiende á los bienes radicados en Ginebra, y declarándola limitada en sus efectos solamente á los bienes sitos en esta Isla, mientras que la parte apelada interesa se rechace de plano la apelación por no haber venido en forma, y en su defecto, se confirme en todas sus partes la sentencia apelada.

Ante todo debemos traer á consideración la cuestión previa propuesta por la representación de la parte apelada, al solicitar en primer término que se rechace de plano la apelación por no haber venido en forma, á cuyo fin alega que el recurso de apelación interpuesto por los demandados contra la resolución de 31 de mayo de mil novecientos seis, denegatoria de nuevo juicio, no se ejercitó dentro del término de diez días señalados por el caso tercero del artículo 295 del Código de Enjuiciamiento Civil, pues dicho recurso no se notificó á la parte demandante hasta el día quince de junio

siguiente, cuando ya aquel término había transcurrido, y además, ha sido abandonado, toda vez que en el alegato estableciendo los fundamentos de la apelación, el abogado de los demandados nada arguye contra la providencia denegatoria de nuevo juicio, sino contra la sentencia final pronunciada.

Del récord aparece que el escrito interponiendo recurso de apelación contra la resolución de treinta y uno de mayo de mil novecientos seis, fué registrado en la secretaría de la corte de San Juan el día 9 de junio siguiente, y contra la manifestación hecha por la parte apelada de no haber sido notificada del recurso hasta el 15 de junio citado, obra también en el récord la declaración jurada del letrado de la parte apelante Don Eduardo Acuña, expresiva de que en el propio día, 9 de junio, envió al letrado Don Rafael López Landrón copia del escrito de apelación por medio de un mensajero, habiendo éste entregado la referida copia á una señora, con encargo de que la hiciera llegar á manos del destinatario, por encontrarse, á la sazón, ausente en Guayama y no estar en su despacho el escribiente auxiliar del mismo, García de Quevedo, á quien en el mismo día informó de lo ocurrido, suplicándole recogiera la copia expresada y suscribiese en el original presentado ya en secretaría la constancia de su recibo, lo que ofreció hacer García de Quevedo, no obstante, lo cual reiteró copia del escrito el día 15 del repetido junio al Sr. López Landrón, por haber recibido aviso telefónico de no encontrarse en su oficina la copia de referencia.

En vista de esa declaración jurada, no desvirtuada por prueba alguna en contrario, y de que el escrito de apelación fué registrado en secretaría el día 9 de junio de mil novecientos seis, somos de opinión que no cabe desestimar el recurso por haberse interpuesto fuera de término. Tampoco cabe estimarlo abandonado, según pretende la parte apelada, pues si bien las razones consignadas en el alegato, van encaminadas á obtener la revocación de la sentencia final, contra la que no se interpuso recurso de apelación, esas mismas razones fueron expuestas en apoyo de la solicitud de la celebración

de nuevo juicio, y la sentencia habría de ser forzosamente
revocada, si por esta corte se accediera á dicha solicitud.

La representación de los demandados, hoy apelantes, soli-
citó la celebración de un nuevo juicio, por estimar contrario
á derecho el tercer pronunciamiento de la sentencia en la
parte relativa á que los demandados, previo inventario, avá-
lúo, partición y adjudicación de todos los bienes de la herencia
de Don Felipe Hecht, entreguen á la demandante la porción
que le corresponda como heredera forzosa del finado, por
entender que formando parte de dicha herencia bienes, tanto
muebles como inmuebles, radicados en país extranjero, y es-
tando sujeta parte de dichos bienes á un expediente sobre
venta judicial, del que conoce con jurisdicción propia un tri-
bunal civil de Ginebra, la corte de San Juan ha incurrido en
error de derecho al atribuirse jurisdicción sobre tales bienes,
cuya jurisdicción, según se alega, le fué negada específica-
mente por la parte demandada, y tampoco podía ser adquirida
por sumisión expresa ó tácita.

Ignoramos, pues no consta en el récord, la forma en que se
verificó la citación de los demandados para el juicio; pero la
comparecencia voluntaria de los mismos, por medio de los
abogados Acuña y Méndez, es equivalente á la diligencia de
su situación personal y entrega de la copia de la demanda, y
desde ese momento la corte de San Juan adquirió jurisdicción
sobre las partes y quedó sometido á dicha corte todo procedi-
miento subsiguiente, según el artículo 98 del Código de Enjui-
ciamiento Civil, que textualmente dice así:

"Artículo 98.—Desde la entrega de la citación y de la copia de la
demanda en un pleito civil en los casos en que se requiera la entrega
de una copia de la demanda, ó desde que hubiere expirado el término
de la publicación, cuando se ordenare la citación por publicación, se
considerará que la corte ha adquirido jurisdicción sobre las partes y
que ha quedado sometido á dicha corte todo procedimiento subsi-
guiente.

"La comparecencia voluntaria de un demandado es equivalente
á la diligencia de su citación personal y entrega de la copia de la
demanda."

Sometidos los demandados á la jurisdicción de la corte de San Juan, su condición en el orden del procedimiento debe equipararse á la de los herederos de un ciudadano puertorriqueño, que como Don Felipe Hecht hubiera fallecido en país extranjero, dejando bienes muebles é inmuebles radicados en esta Isla y en el extranjero, y por esa analogía de condición parécenos que la cuestión propuesta en el escrito de enmienda á la contestación de la demanda y en la moción de nuevo juicio, alegando falta de jurisdicción en la corte de San Juan para extender los efectos legales de su sentencia á bienes radicados en Suiza, debe resolverse como si se tratara de la participación de herencia de un puertorriqueño fallecido en país extranjero con bienes allí y en esta Isla; y así como no podría sostenerse que la acción de partición de herencia contra los herederos de un ciudadano puertorriqueño, es improcedente cuando éste ha dejado bienes en el país y en el extranjero, tampoco cabe afirmar que dicha acción en el caso presente no es viable, por haber dejado Don Felipe Hecht bienes en Suiza y en Puerto Rico.

El haber hereditario, sean cuales fueren los elementos que lo integren, constituye una sola masa, y no puede liquidarse y partirse, incluyendo en esas operaciones unos bienes y excluyendo otros. Los derechos que sobre esa masa asistan á la demandante Doña Margarita Hecht no pueden definirse y determinarse, teniendo en cuenta únicamente los bienes hereditarios existentes en Puerto Rico, con exclusión de los que existan en el extranjero, pues se dividiría así la continencia del negocio con perjuicio de sus derechos.

No se ha traído al juicio prueba alguna sobre la legislación vigente en Suiza, sobre la transmisión por herencia á extranjeros de bienes allí existentes, ni de los procedimientos que allí se siguen ó deben seguirse sobre dichos bienes en casos como el presente; pero esa omisión, sea cual fuere su trascendencia, no puede perjudicar la integridad de los derechos que asistan á Doña Margarita Hecht sobre los bienes de su difunto padre.

Nos parece aceptable el temperamento que ya la Corte de Distrito de San Juan ha indicado en su sentencia de que existiendo bienes inmuebles, pertenecientes á la herencia radicados en país extranjero, en todo lo que sea necesario se aplique para la práctica de las operaciones testamentarias las leyes del país en donde dichos bienes están situados. Si las Leyes de Suiza prohiben la adquisición por un extranjero de bienes raíces allí situados, ó limita la extensión de la adquisición, hablamos en mera hipótesis, tales leyes deben ser respetadas, por ser principio general de derecho internacional privado, basado en el concepto de soberanía de un estado, sea cual fuere éste, que la jurisdicción de los tribunales de otro Estado no puede afectar los bienes raíces en aquél situados. Empero, ese principio no arguye falta de jurisdicción en la corte sentenciadora para ordenar que en la fijación de los derechos hereditarios de Doña Margarita Hecht se tenga en cuenta la masa total de bienes que dejara su difunto padre, pues al proceder así no dispone que determinados bienes raíces se adjudiquen á la demandante, y no extiende, por tanto, su acción de un modo concreto á bienes situados en país extranjero. En el presente caso no se trata de la posesión ó propiedad de bienes raíces ó inmuebles, sino de la distribución del as hereditario de Don Felipe Hecht, que comprende el conjunto ó universalidad de todos los bienes relictos por el mismo.

Aun más, como en el juicio se ha justificado que por conducto del Sr. Consul de Alemania en esta ciudad, fueron recibidos dos pliegos para citar á Don Julián Ahedo, en representación de su esposa la demandante, á fin de que compareciera ante el tribunal civil de Ginebra en expediente sobre venta de bienes pertenecientes al finado Don Felipe Hecht, opinamos que, teniendo como tiene dicho tribunal jurisdicción propia, que no puede ser entorpecida ó limitada por acción de tribunales extranjeros, los efectos legales de los procedimientos que haya seguido ó esté siguiendo sobre bienes inmuebles ó muebles de Don Felipe Hecht, deben ser respetados, y, por tanto, los tribunales de Puerto Rico no pueden ir contra ellos,

siendo Doña Margarita Hecht la que si se creyere agraviada podrá ejercitar en forma adecuada ante tribunal competente los derechos de que se crea asistida.

Y no se entienda que con semejante doctrina se cercenan los derechos hereditarios de Doña Margarita Hecht, pues los demandados por el tercer pronunciamiento de la sentencia, que en esa parte no ha sido impugnado, están obligados á rendirle cuenta detallada y comprobada del movimiento del caudal hereditario y, en su consecuencia, de los bienes sujetos á procedimientos seguidos ante el tribunal civil de Ginebra.

Por las razones expuestas, entendemos que procede la confirmación del auto apelado y, en su consecuencia, debe quedar subsistente la sentencia pronunciada en el juicio, con la adición de que las resoluciones dictadas ó que se dicten en procedimientos judiciales seguidos en el Cantón de Ginebra sobre bienes muebles ó inmuebles de Don Felipe Hecht allí existentes, no pueden ser afectados por dicha sentencia, sin perjuicio del derecho que asista á las partes interesadas para impugnarlas ante jurisdicción competente, con las costas en la forma ordinaria.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Figueras, MacLeary y Wolf.