García, Demandante y Apelado, *v.* Brignoni et al.,
Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de Aguadilla
en causa sobre desahucio.

No. 1178.—Resuelto en abril 17, 1915.

Emplazamiento — Diligenciamiento — Comparecencia del Demandado — Jurisdicción.—Cuando no se hace constar en la copia de la citación, a su dorso y por quien la haga, una copia literal del diligenciamiento y fecha de éste consignado en el original, la citación es defectuosa. Pero si el demandado comparece y no obstante alegar tal defecto, presenta su contestación y su prueba, queda sometido a la jurisdicción de la corte.

Desahucio—Moción Solicitando se Declare sin Lugar la Demanda—Notificación a la Parte Contraria.—Una moción escrita solicitando que se declare sin lugar una demanda de desahucio, basándose en que habían transcurrido más de diez días entre la fecha de la primera comparecencia y la señalada para el juicio, puede presentarse en corte abierta al comenzar la vista del pleito, sin que sea necesario notificarla previamente por escrito a la parte contraria.

Id.—Prórroga para Practicar las Pruebas—Poder Judicial.—Si bien es cierto que la sección 6 de la Ley de Desahucio dispone que las pruebas propuestas en la primera comparecencia "se practicarán dentro de un plazo que no podrá en ningún caso exceder de diez días," este término no es fatal y puede ser prorrogado por la corte bajo la autoridad que es inherente a sus funciones judiciales.

Discreción Judicial—Revocación de la Sentencia Apelada.—Una corte de apelación no revocará la sentencia recurrida, cuando de ejercitarse la discreción ésta resultara necesariamente contraria a lo solicitado.

Desahucio en Precario—Alegaciones Esenciales de la Demanda.—Todo lo que es necesario alegar en una demanda de desahucio en precario es que el demandante es el dueño de determinada finca, o usufructuario, o con derecho a disfrutarla, o que es causahabiente de tales personas, o que el demandado detenta su posesión material o la disfruta precariamente sin pagar canon o merced alguno. Véase *Coira* v. *Ortiz et al,* 18 D. P. R., 213, y la sección segunda de la Ley de Desahucio de 1905.

Desahucio—Derechos de Propiedad Sobre Bienes Inmuebles.—El juicio de desahucio es un procedimiento especial de naturaleza sumaria cuyo fin es recuperar la posesión material de alguna finca lanzando de ella al que la detenta o disfruta precariamente sin pagar canon o merced, y no es el adecuado para resolver controversias sobre el derecho a la propiedad de inmuebles.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Reichard & Reichard.*

Abogados del apelado: *Sres. Enrique González Mena y Juan B. Soto.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia dictada por la Corte de Distrito de Aguadilla declarando con lugar cierta demanda de desahucio.

En la demanda se alegó, en resumen, que el demandante era dueño con su derecho inscrito en el registro de la propiedad de cierta finca rústica, situada en el barrio de Hato-Arriba, de San Sebastián, "compuesta de cuatro cuerdas, más o menos, y lindando al norte con terrenos de Don León Anglada; por el este, con los de Don Candelario Márquez; por el oeste, la Plata Agricultural Company, y por el sud, el citado León Anglada," hallándose dividida por "la carretera que conduce a San Sebastián, a cuyo lado derecho hay tres cuerdas más o menos y una más o menos al lado izquierdo," y que los demandados ocupaban dicha finca contra la voluntad del demandante y sin pagar por ello canon ni merced alguna.

Archivada la demanda, la corte, por orden de 9 de mayo de 1914, mandó convocar a las partes a una comparecencia preliminar que debería celebrarse el 18 del mismo mes, debiendo apercibirse a la parte demandada, al hacérsele la citación, de que de no comparecer por sí o por un legítimo apoderado, se decretaría el desahucio sin más citarla ni oirla.

En el día señalado compareció uno de los demandados, Gil Ruiz viuda de Font, por medio de sus abogados Reichard y Reichard, y solicitó de la corte que declarara nulo el emplazamiento porque en la copia del mismo que le fué entregada no aparecía la diligencia que ordena la ley haciendo constar la fecha del diligenciamiento con la firma del que lo practica. La corte tomó en consideración la solicitud y la dicha demandada entonces, consignando que lo hacía sin perjuicio de la resolución de la cuestión previa que había suscitado, presentó su contestación y propuso su prueba, haciendo, además, la manifestación que sigue: "deseo llamar la atención que sólo represento a uno de los demandados y que el otro deman-

dado está en el salón y no está representado por el abogado que habla.''

En su contestación la demandada Gil Ruiz viuda de Font, negó las alegaciones de la demanda y a su vez, como materia nueva, alegó, en resumen, que posee una finca rústica de tres cuerdas en el barrio de Hato-Arriba, de San Sebastián, que pertenece a Joaquín Oronoz Rodón, por haberla éste adquirido por adjudicación en pago en un pleito que siguiera contra la Sucesión de Juan E. Hernández.

El 4 de junio de 1914 la corte dictó una resolución declarando sin lugar la solicitud de la demandada Gil Ruiz viuda de Font, relativa a la nulidad del emplazamiento, ''por entender que la omisión de la circunstancia expresada no afecta a la diligencia del emplazamiento en el cual se han cumplido todos los requisitos esenciales para su validez,'' y señalando el día 10 de junio para la celebración del juicio. En dicha resolución se dice que al acto de la comparecencia preliminar ''comparecieron las partes por sus respectivos abogados.''

El día 10 de junio de 1914 la demandada Gil Ruiz viuda de Font solicitó que se declarara sin lugar la demanda basándose en que habían transcurrido más de diez días entre la fecha de la primera comparecencia y la señalada para el juicio. Dicha solicitud se hizo en forma de moción escrita y la corte se negó a considerarla por entender, según se consigna en la exposición del caso, ''que no puede por sorpresa presentarse así una moción, la que debe notificarse al contrario para que tenga conocimiento de ella, pues una parte no puede tomar ventaja sobre otra.''

En la exposición del caso también se consigna que el día 10 de junio de 1914, o sea en la fecha señalada para el juicio, ''comparecieron el demandante y la demandada Gil Ruiz viuda de Font, en persona y por medio de sus abogados, no compareciendo el otro demandado Engracio Brignoni.'' No forma parte de la transcripción el emplazamiento del demandado Brignoni.

Así las cosas, comenzó la práctica de la prueba del demandante consistente en:

1. Un testimonio de escritura pública con nota de inscripción en el registro de la propiedad, creditivo de que León Anglada y su esposa vendieron a Juan Bautista García Figueroa, el demandante, "una finca rústica sita en el barrio de Hato-Arriba, de San Sebastián, compuesta de cuatro cuerdas más o menos, en lindes al norte con José y León Anglada, al este con Ramón Font y Candelario Márquez, al sud con Candelario Márquez, León Anglada y Ramón Font, y al oeste con Font y León Anglada, dividida por la carretera que conduce a San Sebastián, a cuyo lado derecho hay tres cuerdas más o menos y una cuerda más o menos al izquierdo, conteniendo dos casas."

2. En la declaración del demandante García, quien aseguró, en resumen, haber comprado la finca a que se refiere la demanda, que está usufructuada en la actualidad por los demandados, a quienes no la ha arrendado y quienes nada le pagan; que la adquirió hace próximamente un año; que no sabe el tiempo que hace que la poseen los demandados; que cuando compró la finca le dijeron que estaba ocupada; que requirió personalmente a los demandados para que desalojaran la finca y le contestaron que estaban en terrenos de su propiedad y que no los reconocían como del testigo.

3. En la declaración de León Anglada, que manifestó, en resumen, que vendió a García la finca de cuatro cuerdas que está poseída en la actualidad por los demandados, quienes nada le pagan a García; que cuando el testigo vendió a García estaban también los demandados en posesión de la finca; "que no tuvo posesión de la finca; que estuvo en posesión antes de un juicio de desahucio," y

4. En la declaración de Víctor Montalvo, quien dijo, en resumen, que le consta que García es dueño de la finca de cuatro cuerdas que poseen los demandados.

La prueba de la demandada Gil Ruiz viuda de Font, consistió en

1. Una certificación expedida en San Sebastián a 19 de junio de 1907 por Ernesto Esteve, márshal de la Corte Municipal de Añasco, P. R., de haber sacado a pública subasta por orden de dicho tribunal una finca rústica de tres cuerdas, sita en el barrio de Hato-Arriba, de San Sebastián, en lindes al norte con la carretera, al sud con Ramón Font, al este con José Castañer y Candelario de Jesús Márquez—hoy León Anglada—y al oeste con el Castañer—hoy León Anglada,—con dos casas, habiendo adjudicado la buena pro al mejor postor, que lo fué Joaquín Oronoz Rodón.

2. Un testimonio de la escritura No. 250 de 21 de junio de 1907 otorgada en San Sebastián ante el notario Don Juan Mercader Rodríguez por la que Ernesto Esteve, márshal de la Corte Municipal de Añasco, P. R., por orden de ésta y en representación de la sucesión de Juan E. Hernández, vende a Joaquín Oronoz Rodón una finca rústica de 3 cuerdas de terreno, sita en el barrio de Hato-Arriba, de San Sebastián, en lindes al norte con la carretera, al este y oeste con León Anglada y al sud con Ramón Font—hoy Acisclo Hernández—con dos casas, habiéndose efectuado tal venta de acuerdo con la subasta que se menciona en el documento extractado en el párrafo anterior. Dicho testimonio tiene nota de haber sido inscrito en el registro de la propiedad de este distrito al folio 172 vuelto del tomo 14 de San Sebastián.

3. La declaración de la demandada Gil, quien manifestó, en resumen, que administra una finca de tres cuerdas de Joaquín Oronoz que radica en Hato-Arriba y colinda con Oronoz, Echeandía, la carretera y Anglada, que dicha finca era antes de Acisclo Hernández y antes de Ramón Font.

4. La de Joaquín Oronoz, que, en resumen, dijo: que tiene una finca grande y otra pequeña en Hato-Arriba; que la pequeña tiene tres cuerdas y linda al norte con la carretera, al sud con la otra finca del testigo y al este y oeste con Anglada; que adquirió la finca de tres cuerdas que está en la

actualidad poseída por la demandada Gil Ruíz, en remate, otorgándosele escritura que está registrada; que la finca de tres cuerdas era de cuatro, y una cuerda, que está a mano izquierda de la carretera de Aguadilla para San Sebastián, la compró Engracio Brignoni, y

5. La de José Méndez Cardona, quien manifestó, en resumen, que sabe que Oronoz es dueño de la finca de tres cuerdas que posee la demandada Gil Ruiz en el barrio de Hato-Arriba de San Sebastián.

Terminada la prueba, el caso quedó definitivamente sometido a la resolución de la corte y fué decidido por la misma por sentencia dictada el 15 de junio de 1914, declarando con lugar el desahucio, con los demás pronunciamientos de ley. El desahucio se decretó contra los dos demandados y en la sentencia se dice lo que sigue: "La corte después de haber oído el escrito de demanda, el de contestación hecho por la demandada Gil Ruiz viuda de Font; las pruebas que se practicaron en el acto del juicio, los informes de los abogados representantes de las partes comparecientes, declaró el juicio concluso para sentencia." Nada se hizo constar expresamente con respecto a la comparecencia o falta de comparecencia del demandado Brignoni.

En el alegato presentado por los abogados de la demandada Gil Ruiz viuda de Font, única que apeló de la sentencia, se consigna que la corte de distrito erró:

1. Al no decretar la nulidad de la citación de la demandada Gil Ruiz viuda de Font .

2. Al no permitir que se presentara una moción en el acto del juicio y antes de que se entrara en la práctica de la prueba pidiendo que se declarara sin lugar la demanda por haberse infringido la ley de desahucio.

3. Al no declarar sin lugar la demanda por el motivo indicado en la moción a que se refiere el número anterior, y

4. Al no desestimar la demanda, (*a*) porque no aducía hechos bastantes para determinar una causa de acción; (*b*) porque el demandante no identificó la finca de que alegó ser

dueño; (*c*) porque el juicio de desahucio no es el adecuado para ventilar la cuestión de propiedad envuelta en este pleito, y (*d*) porque la sentencia dictada contra Gil Ruiz viuda de Font, carece de finalidad práctica.

1. Examinemos el primer error. El artículo 92 del Código de Enjuiciamiento Civil, tal como fué aprobado en 1904, no contenía el precepto cuya omisión fué motivo de la cuestión suscitada por la apelante. Tal precepto le fué adicionado por la Ley No. 70 de 1911 y dice, textualmente, así: "Al servirse la copia de la citación se hará constar en aquélla a su dorso y por quien la haga una copia literal del diligenciamiento y fecha de éste consignado en el original." Véase, además, la Ley No. 8, de 1915, enmendatoria del indicado artículo 92.

Al suscitar la cuestión la demandada presentó la copia de la citación que le fué entregada y de su examen resulta que no se cumplió con el requisito exigido por la ley. Siendo ello así, el defecto alegado era patente. La infracción de la ley manifiesta. Mas como la dicha demandada asistió a la comparecencia para la cual fué citada y como a pesar de haber alegado el defecto indicado, presentó su contestación y su prueba, estimamos que, no obstante la reserva con que lo hizo, quedó sometida válidamente a la jurisdicción de la corte.

2. A nuestro juicio la corte cometió el segundo de los errores alegados. No comprendemos porqué prohibió a la parte demandada que presentara su moción. Dicha moción fué introducida al comenzarse el juicio, en corte abierta, y hallándose presente la otra parte, y en tal virtud, de acuerdo con el artículo 317 del Código de Enjuiciamiento Civil, no requería la notificación previa por escrito a la parte contraria.

El efecto que pueda tener con respecto a la revocación de la sentencia apelada el error cometido, depende de la con-

clusión a que lleguemos al analizar el tercero de los errores señalados.

3. A nuestro juicio, resolviendo por sus méritos la moción de la demandada, debe ser declarada sin lugar.

Es cierto que la sección 6 de la ley de desahucio, leyes de 1905, página 288, dispone que las pruebas propuestas en la primera comparecencia "se practicarán dentro de un plazo que no podrá en ningún caso exceder de diez días," pero también lo es que dicha disposición debe interpretarse de un modo tal que permita conformarla a las circunstancias que puedan concurrir en las transacciones humanas. Se comprende que ciertos términos, como por ejemplo, el señalado por la ley para apelar, sean fatales y no pueda prorrogarse, pero existen otros cuya misma naturaleza indica que deben ser y que son en realidad de verdad prorrogables aunque la ley guarde silencio sobre tal extremo. En el caso de una apelación, la persona que ejercita el derecho puede hacerlo todo por sí misma. Basta que entregue al secretario de la corte un escrito manifestando que apela y que presente idéntica manifestación a la parte contraria o a su abogado. Pero tratándose de práctica de pruebas, no es lo mismo. La corte tiene necesariamente que intervenir y puede encontrarse ocupada en asuntos que requieran su atención constante y continua, o puede el juez enfermar súbitamente o el tribunal entrar en su período regular de vacaciones. En tales casos y en otros muchos que pudieran imaginarse, sería imposible cumplir con el precepto invocado. Además el propósito de la prescripción legal de que se trata es indudablemente el de garantizar la rapidez del juicio de desahucio en beneficio del dueño de la finca y resultaría absurdo interpretar la ley de tal manera que por razón de ella misma, no sólo se dilatara el ejercicio del derecho del propietario sino que quedara a veces destruído.

Ya esta Corte Suprema en el caso de *Más et al.* v. *Borinquen Sugar Co.,* 18 D. P. R., 304, 309, interpretando un pre-

cepto análogo de la ley de desahucio contenido en la sección 4 de la misma, se expresó así:

"Ahora bien, aunque el estatuto dispone que el señalamiento de la primera comparecencia se hará dentro de diez días, la corte no está privada de ejercitar su discreción para prorrogar el señalamiento. La facultad de suspender un señalamiento es inherente en las cortes, y el poder judicial reside en las cortes de Puerto Rico, con arreglo a la sección 33 de la Ley Orgánica."

Si aplicamos la anterior doctrina a las circunstancias de este caso, veremos que habiéndose sometido por uno de los demandados a la consideración judicial cierta cuestión de derecho el día 18 de mayo de 1914 en que se celebró la primera comparecencia, no fué resuelta hasta el día 4 de junio, en cuyo día fué que señaló el juez la fecha de la segunda comparecencia. Es bien cierto que desde el 18 de mayo hasta el 10 de junio en que se celebró la segunda comparecencia, o sea el juicio, transcurrieron más de los diez días fijados por la ley, pero también lo es que de los 23 días transcurridos, 17 los empleó el juez en el estudio de la cuestión propuesta por la misma parte que quiso luego tomar ventaja del transcurso del tiempo para destruir la acción ejercitada por el demandante. Este no tuvo culpa alguna en la tardanza y resultaría contrario a la equidad y a la justicia el resolver la cuestión suscitada en contra suya.

Opinamos en resumen que la acción del juez al tomar bajo su consideración la cuestión previa de derecho planteada por la apelante y al no fijar la fecha del juicio hasta que resolvió dicha cuestión, envuelve una prórroga implícita del término de diez días fijado por la sección 6 de la ley de desahucio, para acordar lo cual tenía autoridad inherente a su cargo judicial.

Siendo ésta la conclusión a que hemos llegado al considerar en sus méritos el tercero de los errores señalados, el hecho de haberse cometido el segundo no lleva consigo la revocación de la sentencia. En el caso de *Polhemus* v. *Ann Arbor Savings Bank,* 27 Mich., 44, citado en el de *Más et al.*

v. *Borinquen Sugar Co., supra,* se dijo: "Se ha resuelto en algunos casos que si de ejercitarse la discreción ésta resultara necesariamente contraria a lo solicitado, la corte de apelación no revocará la sentencia."

Examinemos el cuarto error que comprende cuatro subdivisiones.

4a. A nuestro juicio la demanda aduce hechos suficientes para determinar una causa de acción. Basta para llegar a esa conclusión el examen de la demanda a la luz de la siguiente doctrina establecida por esta Corte Suprema en el caso de *Coira* v. *Ortiz et al.,* 18 D. P. R., 213: "Todo lo que es necesario alegar en una demanda de desahucio en precario es, que el demandante es el dueño de determinada finca, o usufructuario, o con derecho a disfrutarla, o que es causahabiente de tales personas, y que el demandado detenta su posesión material o la disfruta precariamente sin pagar canon o merced alguna." Véanse también las secciones 1 y 2 de la ley de desahucio de 1905.

4b. Aunque existe alguna discrepancia entre la descripción de la finca consignada en la demanda y la que resulta de la escritura por virtud de la cual aparece adquiriendo su propiedad el demandante, opinamos que, apreciando la prueba en conjunto, la finca quedó suficientemente identificada.

4, c y d. Hemos llegado en nuestro estudio al punto decisivo de este recurso.

Los demandados en este caso sostuvieron siempre, según la declaración del propio demandante, que ocupaban las porciones de terreno de que se trata como dueños de las mismas. Y si bien el demandante presentó un título de dominio inscrito en el registro de la propiedad, es lo cierto que la demandada y apelante presentó otro también inscrito en el registro de la propiedad a favor de la persona a nombre de la cual se encontraba en posesión de la finca, constando, de la declaración del testigo Joaquín Oronoz, con respecto al

otro demandado Brignoni, que la porción poseída por él la adquirió a título de compra.

Siendo ese el caso, el error cometido por la corte al resolverlo dentro de los trámites de un juicio de desahucio, es manifiesto y lleva consigo la revocación de la sentencia dictada. Esta corte ha establecido y aplicado en varias ocasiones la doctrina de que el juicio de desahucio no es el adecuado para resolver controversias sobre el derecho a la propiedad de inmuebles, sino un procedimiento especial de naturaleza sumaria cuyo fin es recuperar la posesión material de alguna finca lanzando de ella al que la detenta o disfruta precariamente, sin pagar canon o merced alguna. *Gonce* v. *Méndez,* 7 D. P. R., 545; *Pesquera* v. *Díaz,* 8 D. P. R., 114; *del Valle* v. *Andreu,* 11 D. P. R., 418; *Mehrhof* v. *Rodríguez et al.,* 14 D. P. R., 59; *Elzaburu* v. *Chaves,* 15 D. P. R., 17; *Torres et al.* v. *Pérez,* 18 D. P. R., 573, y *Miranda* v. *Camerón et al.,* 19 D. P. R., 488.

Algo más deseamos consignar y es con respecto al demandado Brignoni. En los autos no aparece su emplazamiento. Tampoco consta que concurriera a la primera comparecencia, a no ser que se estime como constancia suficiente lo dicho por los abogados de la demandada Gil Ruiz. De la transcripción no aparece, pues, con toda claridad, que la Corte adquiriera jurisdicción sobre la persona del dicho demandado Brignoni.

Por virtud de todo lo expuesto, opinamos que debe revocarse la sentencia apelada, y declararse no haber lugar a decretar el desahucio solicitado.

> *Revocada la sentencia apelada y declarando no haber lugar a decretar el desahucio, sin especial condenación de costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.