FRANCESCHI ET AL., PETICIONARIOS, *v.* SEPÚLVEDA, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* dirigido al Juez de la Corte de Distrito de Ponce.

No. 234.—Resuelto en febrero 28, 1919.

CITACIÓN—JURISDICCIÓN—COMPARECENCIA GENERAL.—Cuando un abogado en representación de una parte comparece ante la corte solicitando que fuera citada de evicción una tercera persona, tal comparecencia se reputa general y equivale al emplazamiento personal de la parte compareciente, quedando sometida a la jurisdicción de la corte para todo procedimiento subsiguiente, pero no de un modo retroactivo que convalide procedimientos anteriores viciados de nulidad.

EMPLAZAMIENTO NULO—APERTURA DE REBELDÍA DESPUÉS DE UNA COMPARECENCIA GENERAL—CITACIÓN DE EVICCIÓN.—La comparecencia general de una parte no le impide que pueda solicitar la apertura de la rebeldía anotada anteriormente, y, por tanto, es prematuro afirmar que por haber transcurrido el término señalado para contestar la demanda ha perdido el demandado su derecho para solicitar la citación de evicción.

CITACIÓN DE EVICCIÓN—SUS EFECTOS.—La citación de evicción con notificación de la demanda sólo está llamada a producir los efectos que el código señala, entre el demandado y la persona de quien deriva su derecho, pero no afecta al demandante.

Los hechos están expresados en la opinión.

Abogado de los peticionarios: *Sr. Rafael B. Pérez Mercado.*

Abogado del demandado: *Sr. José Tous Soto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Los peticionarios arriba expresados Carlota Franceschi Rivera *et al.*, presentaron en esta Corte Suprema solicitud jurada en demanda de un auto de *certiorari* contra el Juez del

Distrito de Ponce, a fin de que fueran revisados los procedimientos seguidos por dicho juez en pleito civil contra Carlos Toro Labarthe y la corporación Santa Isabel Sugar Company sobre nulidad de adjudicación de finca rústica y reivindicación de la misma con sus productos.

El auto fué expedido y el pleito original elevado a esta Corte Suprema.

Del récord original y de las alegaciones de los peticionarios resultan los siguientes hechos:

1°. Los peticionarios alegaron en el pleito de que se trata la nulidad de cierta adjudicación de una finca rústica hecha al viudo Tiberio Franceschi y Vega en las operaciones particionales de los bienes de la sociedad de gananciales que tenía con su difunta esposa Epifania Rivera y Torres para pago de deudas sin haberse solicitado y obtenido la previa autorización judicial, habiendo menores de edad, cuya finca vendió Tiberio Franceschi y Vega a Héctor Santí Franceschi y éste al demandado Carlos Toro Labarthe quien la vendió igualmente a la corporación demandada, Santa Isabel Sugar Company. La demanda concluyó con la súplica de que declarando nulas la adjudicación hecha a Tiberio Franceschi y Vega y las enajenaciones sucesivas de la finca adjudicada se ordene la entrega de la misma a los demandantes, por la corporación Santa Isabel Sugar Company que actualmente la posee, condenando además a dicha corporación y al demandado Carlos Toro Labarthe a pagar a los demandantes las sumas de $55,650 y de $15,900 respectivamente, en concepto de frutos producidos por la finca durante el tiempo de la posesión hasta la fecha de la interposición de la demanda.

2°. El demandado Carlos Toro Labarthe fué emplazado para contestar la demanda en 15 de junio de 1918 y no habiéndola contestado, los demandantes solicitaron del secretario de la corte en 9 de julio siguiente que le fuera anotada la rebeldía, como así lo hizo el secretario en la misma fecha.

3°. Dos días después, o sea, en 11 de julio, compareció en el juicio Toro Labarthe y solicitó que de conformidad con

el artículo 1385 del Código Civil fuera citado de evicción Héctor Santí Franceschi con el fin de que compareciera y contestara en el término legal correspondiente.

4°. Al día siguiente, 12 de julio, los demandantes presentaron moción a la corte con súplica de que se eliminara la moción de citación de evicción por ser extemporánea e infringir el artículo 1385 del Código Civil.

5°. En 17 de julio el demandado Toro Labarthe se opuso a la moción eliminatoria de la parte actora por el fundamento de que el término para contestar la demanda no había vencido, pues el servicio del emplazamiento a Toro Labarthe era nulo y por tanto no había podido correr el término de 20 días para contestar la demanda de dicho servicio, alegando al efecto varios motivos para sostener la nulidad del emplazamiento.

6°. A las anteriores mociones recayó resolución en 26 de julio que dice así:

"La corte declara nulo el servicio de emplazamiento de Carlos del Toro Labarthe y en su consecuencia se declara sin lugar la moción eliminatoria del demandado de 12 de julio de 1918, y consecuentemente se declara con lugar la moción de citación por evicción presentada por el demandado Carlos del Toro Labarthe en julio 11 de 1918, y se ordena se cite de evicción a Héctor Santí de Juana Díaz, de acuerdo con el artículo 1385 del Código Civil."

Los demandantes radicaron al día siguiente, en 27 de julio otra moción con súplica a la corte de que reconsiderara su resolución del día anterior declarando subsanados los defectos de que pudieran adolecer los emplazamientos servidos a Carlos del Toro Labarthe y declarara al mismo tiempo sin lugar la moción de citación de evicción por ser extemporánea. Esa moción de reconsideración sin ser discutida fué declarada sin lugar por resolución de 30 de julio citado.

La vista del recurso de *certiorari* se celebró ante esta Corte Suprema en 25 de noviembre de 1918 con asistencia de los peticionarios por su abogado sin que las demás partes interesadas comparecieran al acto.

Los artículos 98 y 323 del Código de Enjuiciamiento Civil disponen respectivamente, que la comparecencia voluntaria del demandado es equivalénte a la diligencia de su citación personal y entrega de la copia de la demanda, y el segundo que un demandado comparece en un pleito cuando contesta, opone excepción previa, o notifica por escrito su comparecencia al demandante o cuando un abogado hace constar su comparecencia por dicho demandado.

El abogado José Tous Soto en representación del demandado Carlos Toro Labarthe compareció ante la corte de Ponce en moción de 11 de julio de 1918 solicitando que fuera citado de evicción para contestar la demanda, Héctor Santí Franceschi, y esa comparecencia fué general, equivaliendo por tanto al emplazamiento personal del demandado Toro Labarthe. *Hernaiz Targa & Co.* v. *Vivas,* 20 D. P. R. 106, y *Aparicio Hermanos* v. *H. C. Christianson & Co.,* 23 D. P. R. 493. Desde que el demandado Toro Labarthe hizo su comparecencia general ante la corte de Ponce quedó sometido a su jurisdicción para todo procedimiento subsiguiente, pero no de un modo retroactivo que convalidara procedimientos anteriores viciados de nulidad. 2 Ruling Case Law (párrafo 13) p. 332.

La comparecencia general de Toro Labarthe no impide que pueda solicitar la apertura de la rebeldía anotada anteriormente y por tanto es prematuro sostener en términos absolutos que por haber transcurrido el término señalado para contestar la demanda ha perdido el derecho que le otorga el artículo 1385 del Código Civil de solicitar la notificación de dicha demanda al vendedor Héctor Santí Franceschi. Esa notificación está llamada a producir los efectos que dicho código señala, entre el demandado y la persona de quien deriva su derecho, pero no afecta al demandante. No vemos que la mera notificación. cause al demandante por ahora perjuicio alguno efectivo; y si llegare a causársele alguno en contra de la ley, ocasión tendrá de hacer valer sus derechos en el recurso ordinario de apelación que pueda entablar en su día

contra la sentencia definitiva en el caso de que le fuera adversa.

Por lo que atañe a la denegación de la moción de reconsideración sin previa vista de la misma no vemos que la corte, atendida la índole especial de tal moción, cuya tramitación está sujeta a su discreción, haya cometido error alguno de procedimiento.

De todos modos, atendidas las circunstancias del caso no nos sentimos inclinados a revisar los procedimientos de la corte inferior.

Debe anularse el auto de *certiorari* expedido y devolverse el pleito original a la Corte de Distrito de Ponce para que continúe tramitándolo de acuerdo con la ley.

*Anulado el auto de certiorari expedido.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.