Lorenzo Berrizbeitía, Juana D. Vda. Berrizbeitía, Trinidad Berrizbeitía, Manuel V. del Valle y Mauricio, Carmen, Lorenza y Cecilia Berrizbeitía, demandantes y apelados, *v.* The Times Publishing Co., demandada y apelante.

No. 5346.—*Sometido:* Marzo 10, 1931. *Resuelto:* Julio 28, 1931.

*M. Gaetán Barbosa* y *Rafael F. Barbosa,* abogados de la apelante; *Monserrat & Monserrat,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Los apelados son los dueños de la casa No. 83 en la calle Salvador Brau de esta ciudad y demandaron a The Times

Publishing Co. en cobro de las rentas no satisfechas por la demandada por el arrendamiento de dicha casa a razón de $250 mensuales más el pago de la mitad de las contribuciones impuestas a esa finca. La corporación demandada admitió en su contestación enmendada haber tenido esa casa arrendada con un contrato celebrado por ella con don Manuel V. del Valle, uno de los condueños de la casa, como apoderado de los otros condueños, en 3 de junio de 1911, por término de diez años y canon de $125 mensuales durante los primeros cinco años y de $135 mensuales durante los cinco restantes, y formuló contrademanda alegando que vencido el contrato continuó disfrutando la referida casa desde el 31 de octubre de 1920 con la aquiescencia de los dueños sin que se alterara el precio del arrendamiento y que habiéndosele cobrado y pagado por ella $250 mensuales y la mitad de las contribuciones desde octubre de 1920 en vez de $135, solicitó que le fuera devuelta la diferencia que dijo ascender a $11,385.

En el juicio y al terminar los demandantes la presentación de su prueba solicitó la demandada de la corte que dictase sentencia contra los demandantes, y negada esa moción presentó prueba la demandada.

Con vista de toda la prueba la corte de distrito declaró probados todos y cada uno de los hechos alegados por los demandantes y especialmente que estando para terminar el contrato escrito del arrendamiento de 3 de junio de 1911 por diez años, en el 1920 la corporación demandada convino con el Dr. Manuel V. del Valle por sí y como apoderado de los demás condueños en un nuevo contrato verbal de arrendamiento de dicha casa por canon de $250 mensuales más la mitad de las contribuciones insulares impuestas a dicha finca y que desde entonces ha estado pagando la demandada el alquiler de la casa a razón de $250 mensuales y también la mitad de las contribuciones hasta el año 1928 y que no ha pagado el arrendamiento desde el 1 de enero al

23 de noviembre de 1929, fecha en que entregó las llaves de la casa, ni la parte que le correspondía en las contribuciones. En consecuencia, dictó sentencia condenatoria y declaró sin lugar la contrademanda. De ella apeló la demandada.

■■ El primer motivo alegado para este recurso es que la corte inferior cometió error al admitir que el testigo Manuel V. del Valle declarase en su carácter de apoderado de los demandantes sin haber justificado el poder que ostentaba para administrar los bienes de ellos.

En contestación a ese alegado error nos bastará decir que habiendo contratado la apelante con don Manuel V. del Valle como apoderado éste de los demás condueños, según alegó en su contestación, no tenía el demandante que probar dicho poder. Además, él declaró repetidamente en el juicio que es apoderado de cada uno de los otros demandantes sin objeción de la demandada, y cuando la objeción vino a ser hecha mucho tiempo después de esas contestaciones era demasiado tarde para sostenerla.

■ El segundo motivo del apelante se funda en haber sido declarada sin lugar su moción para que después de la prueba de los demandantes fuese dictada sentencia declarando sin lugar la demanda (*nonsuit*).

Ese error alegado en segundo término es infundado pues la declaración en el juicio del testigo y condueño don Manuel V. del Valle probaba que entre las partes se celebró en el año 1920 un contrato verbal de arrendamiento por precio de $250 mensuales y la mitad de las contribuciones, que desde entonces la demandada pagó esos $250 y su parte en las contribuciones hasta que dejó de satisfacerlos desde enero de 1929, apareciendo también de la prueba documental de los demandantes.

■ Se alega el tercer error porque el emplazamiento de la demandada, que es una corporación, se hizo a uno de sus directores y no a su presidente u otro jefe de la corporación,

secretario, cajero o gerente de la misma, como dispone el artículo 93 del Código de Enjuiciamiento Civil. Eso es cierto, pero también lo es que la corporación demandada compareció en el pleito formulando excepción previa a la demanda, contestándola y que contrademandó, curando así el defecto que tuvo la citación, pues según ha dicho este Tribunal Supremo en el caso de *Gómez* v. *Soto Nussa,* 13 D.P.R. 305, la comparecencia de una parte ante la corte, cualesquiera que sean los defectos que pueda tener la citación, es suficiente para que la corte adquiera jurisdicción. *Coll* v. *Rigo,* 16 D.P.R. 319; *Hecht* v. *Hecht,* 12 D.P.R. 227; *Franceschi* v. *Sepúlveda,* 27 D.P.R. 118; y *García* v. *Brignoni,* 22 D.P.R. 356.

 El cuarto error se asigna porque la corte ordenó la eliminación de una alegación de la contestación y de cierta prueba tendente a demostrar que la junta de directores de la demandada no aprobó ni autorizó el contrato verbal de arrendamiento alegado por los apelados.

Si la corporación no tomó acuerdo sobre ese contrato tal conducta no puede perjudicar a los demandantes cuando los actos de la corporación ocupando la casa con su negocio y su oficina y pagando durante algunos años el canon de arrendamiento con cheques de la corporación, demuestran una aceptación del contrato. Según se dice en Jones on Evidence, página 52, sección 56, los actos realizados por una corporación que presuponen la existencia de otros actos hechos legalmente, son prueba presuntiva de los últimos.

█ En el quinto motivo se dice que fué error declarar con lugar la demanda y condenar al pago.

La prueba sobre la celebración del contrato verbal de arrendamiento fué contradictoria pero la corte lo resolvió acertadamente en contra de la demandada, pues aunque dos testigos suyos dijeron que tal contrato no fué celebrado, sin embargo, los hechos por ella realizados demuestran que estaba actuando de acuerdo con tal contrato.

■ El último error alegado es infundado, pues si el contrato por $250 mensuales de alquiler y por la mitad de las contribuciones existió, y así se resuelve, entonces carece de base la contrademanda para cobrar la diferencia entre los $135 que antes se pagaban y los $250 que satisfizo posteriormente.

*La sentencia apelada debe ser confirmada.*