### No. 2,320.

HENRY HANCOCK, RESPONDENT, v. PIO PICO, APPELLANT.

PRACTICE.—DEFAULT.—Where a defendant is personally served in the county in which the action is brought, with the summons and copy of the complaint, and leaves the State without having prepared and verified an answer, and his attorneys do not answer for him, the Court is justified in rendering judgment by default, and in refusing to open the default.

APPEAL from the District Court of the Seventeenth District, Los Angeles County.

The complaint in this case alleges that, in the month of October, A. D. 1861, the defendant collected and received as Trustee of the plaintiff, the sum of six thousand one hundred and twenty dollars, of which the defendant afterward, in the exercise of said trust, paid and expended the sum of five thousand dollars; that, in the month of January 1868, plaintiff demanded payment of the balance remaining in the hands of defendant amounting to one thousand one hundred and twenty dollars, and that defendant refused, and still now refuses to pay the same or any part thereof.

The other facts are stated in the opinion.

*Glassell, Chapman, & Smith,* for Appellant.

*John B. Felton,* of Counsel.

Points decided.

W. A. Cornwall and Chas. H. Larrabee, for Respondents.

WALLACE, J. delivered the opinion of the Court, TEMPLE, J., CROCKETT, J., and RHODES, C. J., concurring:

A judgment by default having been rendered against the defendant in an action upon contract for the recovery of money, he made a motion to open the default, and from the order denying the motion he brings this appeal.

The defendant was personally served, in the county in which the action was brought, with the summons and copy of the complaint, which was verified in the usual form. He retained attorneys, to whom he entrusted the defence of the case, and then left the State and went on a visit to the State of New York without having prepared and verified an answer. In his absence his attorneys did not verify it for him. The result was a default for want of answer, and final judgment followed.

We think that the Court below did not err in refusing to open the default under these circumstances. There was neither surprise nor excusable neglect in the defendant leaving the State, and thus deliberately placing his case in such a situation that no defence could be made for him. No excuse is pretended to be shown why he did so.

Judgment is affirmed with twenty per cent. damages.

SPRAGUE, J., expressed no opinion.