[No. 6,970.—Department No. 1.]

## MAUD *v.* ·WEAR ET AL.

APPEAL—JUDGMENT BY DEFAULT—JUDGMENT ROLL—JURISDICTION.— In case of a judgment by default, the summons, with the affidavit or proof of service, and the complaint, with the memorandum of default, constitute a part of the judgment roll, and the question whether there was error in the entry of the default of the defendants before the expiration of ten days from the service of summons upon them, can be considered on an appeal from the judgment.

APPEAL from a judgment for the plaintiff, in the Sixteenth District Court, County of Kern. REED, J.

The facts are stated in the opinion. ,

*Stetson & Houghton*, for Appellants.

The default entered by the clerk was premature and unauthorized. (Code Civ. Proc. §§ 407, 585, subd. 2.) The appearance of Mr. Smith for defendants was merely equivalent to service of the summons; and, notwithstanding this appearance, defendants had the statutory time. (Code Civ. Proc. § 416; *Pearce* v. *Tally*, 8 Tex. 304.) The error can be reviewed on an appeal from the judgment. (*Ricketson* v. *Compton*, 23 Cal. 638; *Gimmy* v. *Doane*, 22 id. 635; *Burt* v. *Scranton*, 1 id. 416.)

*V. E. Gregg*, and *R. E. Arick*, for Respondent.

The appearance of the defendants gave the Court jurisdiction. (*Mahoney* v. *Middleton*, 41 Cal. 41; *Dyer* v. *North*, 44 id. 159.)

SHARPSTEIN, J.:

The judgment in this case must be reversed.

The summons was served on one of the defendants on the 7th, and on the other on the 8th of October, 1879, and on the 11th day of the same month their default was entered. Neither of the defendants answered, and the summons, with the affidavit or proof of service, and the complaint, with a memorandum indorsed thereon that the default of the defendants in not answer-

ing was entered, constitute a part of the judgment roll; and the question whether there was error in the entry of the default of the defendants before the expiration of ten days after service of summons upon them, can be considered on the appeal from the judgment. The Court below seems to have laid some stress upon the fact of a notice of appearance for the defendants having been given by their attorney the day before the default was entered. The effect of that notice was not to shorten the time within which the defendants were allowed by law to answer. They were entitled to ten days after the service of the summons upon them within which to demur or answer, and it was error to enter their default before the expiration of that period of time. (*Burt* v. *Scrantom*, 1 Cal. 416 ; *Ricketson* v. *Compton*, 23 id. 638 ; *Gimmy* v. *Doane*, 22 id. 635 ; *Pearce* v. *Tally*, 8 Tex. 307.)

Judgment reversed, and cause remanded, with directions to the Superior Court of Kern County to allow the defendants to demur to or answer the complaint of the plaintiff, within ten days after being notified that the remittitur herein has been filed in said Superior Court.

THORNTON, J., and ROSS, J., concurred.