[No. 13642. In Bank. — May 2, 1890.]

## JOHN T. GIBSON, PETITIONER, v. SUPERIOR COURT OF SAN FRANCISCO, RESPONDENT.

CERTIORARI — APPEALABLE ORDER — SETTING ASIDE DEFAULT. — An order setting aside a default is an appealable order, and is not reviewable on *certiorari*, there being a plain, speedy, and adequate remedy by appeal.

ID. — ORDERS EXTENDING TIME TO ANSWER — EXCESS OF JURISDICTION — WRIT OF REVIEW. — Orders extending time to answer, so far as they attempt to extend it more than thirty days, are in excess of jurisdiction; and there being no plain, speedy, and adequate remedy, the plaintiff is entitled to have them annulled upon a writ of review.

APPLICATION to the Supreme Court for a writ of review to annul certain orders of the Superior Court of the city and county of San Francisco. The facts are stated in the opinion of the court.

*Welcker & Welcker*, for Petitioner.

*Smith & O'Keefe*, for Respondent. ·

PATERSON J. — This is an application for a writ of review. The petition shows that an action was commenced by the petitioner in the superior court of the city and county of San Francisco against the Sterling Furniture Company, for damages in the sum of twenty-five thousand dollars, on the 29th of August, 1889, and on the same day summons was served upon the defendant therein; that on August 31, 1889, the defendant therein served upon the plaintiff a notice that on the sixth day of September, 1889, it would move the superior court to strike out the complaint and dismiss the action; that on the tenth day of September, 1889, the court extended the time for the defendant to demur or answer twenty days from that date; that on the 30th of September the court granted the defendant a further extension of time within which to answer, namely, until ten days after the decis-

ion of said defendant's motion to dismiss the action; that said orders were made on *ex parte* application, and without the consent of the plaintiff therein; that on the fourteenth day of October, 1889, no answer or demurrer having been filed by the defendant therein, the plaintiff, petitioner herein, filed proof of service of summons, and moved the court for an order directing the clerk to enter the default of the defendant, which motion was granted; that on November 1, 1889, the court made an order opening the default, and allowing the defendant therein to file a demurrer and answer; that on November 15th, petitioner moved the court for a judgment as prayed for in his complaint, on the ground that the orders extending the time and setting aside the default were in excess of the jurisdiction of the court, and void, which motion was denied.

The respondent has demurred to the petition on the ground that it does not state facts sufficient to entitle petitioner to the writ.

The order setting aside the default is an appealable order, and is not reviewable on *certiorari*, there being a plain, speedy, and adequate remedy by appeal.

The effect of the orders made by the court was to extend the time in which the defendant might demur or answer from sixty-four days from the date of the service of the summons. These orders, so far as they attempted to extend the time to plead more than thirty days, were in excess of jurisdiction (Code. Civ. Proc., sec. 1054); and there being no plain, speedy, and adequate remedy, the petitioner is entitled, if the facts stated be true, to have them annulled by this proceeding (*Baker* v. *Superior Court*, 71 Cal. 583.)

The demurrer is overruled, with leave to answer the petition within five days after notice of this decision.

McFARLAND, J., SHARPSTEIN, J., FOX, J., and BEATTY, C. J., concurred.

THORNTON, J., dissenting. — I dissent. The rule in this case will so limit the power of the court as to interfere very injuriously with the orderly and proper dispatch of the business. Why should the defendant be compelled to file his answer until the motion to strike out the complaint and dismiss the action is passed on? *Non constat* that he may be ever called on to answer. The court may dismiss the action by granting his motion, and the labor and expense of preparing an answer might thus be avoided. In my judgment, section 1054 of the Code of Civil Procedure has no application to the case presented here. It only applies to the case where the court makes such an order when there is no case or proceding pending in his court which authorizes the court to exercise its discretion in granting time. The statute never was intended to limit the discretion of a court to the extent ruled in this case.

I am of the opinion that the court had ample power and jurisdiction to make the orders attacked in this case.