[S. F. No. 5068. In Bank.—October 6, 1908.]

## M. J. SAVAGE, Appellant, v. LIZZIE D. SMITH et al., Respondents.

APPEAL—ORDER VACATING DEFAULT NOT APPEALABLE.—An order setting aside a default in an action where no judgment has been entered upon the default is not the subject of a separate appeal.

APPEAL from an order of the Superior Court of the city and county of San Francisco vacating a default. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

R. N. Countryman, for Appellant.

Andros & Hengstler, for Respondents.

THE COURT.—The appeal in this case is from an order vacating and setting aside the default of defendant—an order made before the entry of any judgment in the action. It was dismissed from the bench upon the ground that such orders are not appealable.

Appellant, petitioning for a rehearing of the motion to dismiss, earnestly contends that in taking the appeal he followed a rule of practice established by the decision of this court in *Gibson* v. *Superior Court,* 83 Cal. 643, [24 Pac. 152]. It is true that in that case the court, speaking of an order setting aside a defendant's default, said that it was an "appealable order." The expression was careless and inaccurate, and in the connection in which it was used meant no more than that it was an order reviewable on appeal from the judgment, and was for that reason not reviewable in *certiorari,* that being the point to be decided. Certainly it is not true that an order setting aside a default in an action where no judgment has been entered upon the default, is the subject of a separate appeal. It is in no sense an order after judgment and it is not one of the interlocutory orders enumerated in section 963 of the Code of Civil Procedure. It may be that it would be a more convenient practice if an appeal were allowed from such orders, but the legislature has not so provided.

Rehearing denied.