DÁVILA ET AL., DEMANDANTES Y APELANTES, *v.* BARREIRO,
DEMANDADO Y APELADO. ·

APELACIÓN procedente de la Corte de Distrito de Humacao
en un caso sobre otorgamiento de escritura y entrega de
bienes.

MOCIÓN del apelado para que se desestime la apelación.

No. 1079.—Resuelto en enero 20, 1914.

DESESTIMACIÓN DE APELACIÓN—ORDEN DEJANDO SIN EFECTO UNA ANOTACIÓN DE
REBELDÍA.—El demandado excepcionó la demanda y desestimada la excepción.

se fijó un término para que contestara y no habiéndolo hecho, el demandante solicitó y obtuvo que se anotara la rebeldía del demandado; mas habiendo éste pedido que se dejara sin efecto esa rebeldía, así lo decretó la corte. Se resolvió que la apelación interpuesta contra esa orden debe desestimarse por no ser apelable dicha orden.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Aponte y Aponte.*

Abogados del apelado: *Sres. Bosch y Soto.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

La parte apelada en este caso por medio de moción solicita que desestimemos la apelación por el fundamento de que no siendo apelable la orden contra la cual el recurso ha sido interpuesto, carecemos de jurisdicción para resolverla.

La orden apelada es la que en el pleito dictó la Corte de Distrito de Humacao en 4 de noviembre de 1913, por la que ordena quede sin efecto la rebeldía que se había anotado contra la parte demandada.

Como, según hemos dicho en otras ocasiones, el derecho de apelación es estatutorio, solamente tenemos jurisdicción para conocer en grado de apelación cuando la ley expresamente ha concedido ese derecho. Por tanto, hemos de considerar si la orden apelada es de aquellas en que el legislador concedió tal recurso.

El artículo 295 del Código de Enjuiciamiento Civil es el que fija los casos en los cuales concede apelación para ante nosotros contra resoluciones de las cortes de distrito. Dicho artículo, tal como quedó enmendado después de las leyes de marzo 9 de 1905 y de marzo 11 de 1908, dice así:

"Artículo 295. Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito en los casos siguientes:

"1. De una sentencia definitiva pronunciada en un pleito o procedimiento especial, comenzado en la corte que la hubiere dictado, dentro de un mes después de haberse registrado la sentencia.

"2. De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de los

quince días después de registrada dicha sentencia, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses, excediera de $300.

"3. De una providencia concediendo o denegando un nuevo juicio; concediendo o anulando un *injunction;* negándose a conceder o anular un *injunction;* anulando o negándose a anular un embargo; concediendo o negándose a conceder un cambio de lugar para la celebración del juicio; de una providencia especial dictada después de una sentencia definitiva; y de una sentencia interlocutoria en pleitos sobre partición de propiedad real, dentro de los diez días de dictada la providencia o sentencia interlocutoria y de anotada la misma en el libro de actas de la corte·o de archivada en la secretaría."

La apelación no ha sido interpuesta contra un fallo, por lo que los dos primeros párrafos no pueden tener aplicación al presente caso; y en cuanto al tercer apartado, si bien en él se especifican los casos en que se concede apelación contra ciertas órdenes de las cortes de distrito, basta su simple lectura para conocer que entre ellas no están mencionadas las órdenes que, como la apelada, deja sin efecto la anotación de una rebeldía.

La apelación debe ser desestimada.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.