[Civ. No. 1303.   Second Appellate District.—June 3, 1914.]

## JOHN LAPIQUE, Appellant, v. E. R. PLUMMER, Respondent.

APPEAL—ORDER VACATING DEFAULT—WHETHER APPEALABLE.—An order setting aside the default of the defendant entered by the clerk, made before the entry of any judgment in the action, is not the subject of a separate appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

J. Lapique, *in pro. per.,* for Appellant.

Shirley E. Meserve, and W. A. Sumner, for Respondent.

CONREY, P. J.—The appeal in this case is from an order vacating and setting aside the default of the defendant entered by the clerk—an order made before the entry of any judgment in the action.   Appellant's contention, that such order entered by the clerk is to be regarded as a judgment, proceeds upon an entirely erroneous assumption.   ''Certainly it is not true that an order setting aside a default in an action where no judgment has been entered upon the default, is the subject of a separate appeal.   It is in no sense an order after judgment and it is not one of the interlocutory orders enumerated in section 963 of the Code of Civil Procedure.'' (*Savage* v. *Smith,* 154 Cal. 325, [97 Pac. 821].)

The appeal is dismissed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 31, 1914.