Pabón, Demandante y Apelante, *v.* Juez Municipal de Juana Díaz et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Ponce en recurso de *certiorari*.

No. 2640.—Resuelto en mayo 11, 1922.

*Certiorari.*—El recurso de *certiorari* no procede para revisar cuestiones de hecho ni menos para revisar los méritos del caso.

Id.—Apertura de Rebeldía—Apelación.—Una resolución de la Corte de Distrito

desestimando por no ser apelable la dictada por una corte municipal negándose a abrir la rebeldía del demandado, es errónea; pero si el demandado no apela de ella, el recurso de *certiorari* es improcedente teniendo como tenía jurisdicción en este caso la corte municipal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Brunet.*

Abogado de los apelados: *Sr. R. B. Pérez Mercado.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

José Masoller & Cía. demandó a Valois Pabón en la Corte Municipal de Juana Díaz en cobro de dinero, costas y gastos de procedimiento. En 14 de abril de 1920 se procedió a instancia de la demandante, a anotar la rebeldía del demandado y a registrar sentencia en su contra por no haber comparecido dentro del término legal a formular oposición alguna a la demanda. En junio primero presentó el demandado una moción solicitando se dejara sin efecto la sentencia y se abriera la rebeldía. La demandante se opuso a las pretensiones del demandado, y en 29 de noviembre de 1920 la corte municipal declaró sin lugar la moción sobre apertura de rebeldía y en la misma fecha el demandado apeló de dicha resolución ante la Corte de Distrito de Ponce en la que, con fecha primero de marzo, desestimó la apelación interpuesta. En 7 de noviembre de 1921, el demandado, por los fundamentos de que más adelante se hace mención, presentó un recurso de *certiorari* ante la Corte de Distrito de Ponce y esta corte expidió el auto preliminar, dirigido al Juez Municipal de Juana Díaz, ordenando que se elevaran los autos originales a la misma. Celebrada la vista del recurso, la corte de distrito, con fecha 25 de noviembre de 1921, dictó sentencia desestimando en definitiva la petición del *certiorari,* y contra esta sentencia es que se ha interpuesto la presente apelación para ante esta corte.

Con excepción de la alegación que se hace en la solicitud de que la demandante cometió fraude impidiendo que el demandado pudiera ejercitar su defensa, y cuya alegación aún

cuando es una cuestión de hecho que debemos prestarle más adelante la más cuidadosa atención en este recurso, todas las demás que se enuncian en dicha solicitud se contraen a discutir los méritos del asunto en controversia. Son estas alegaciones las siguientes: que se demandó al peticionario como fiador no mancomunado ni solidario, sin demandarse al deudor principal; que se embargaron bienes del fiador y se trata de venderlos en pública subasta sin haberse hecho la excusión de bienes del deudor principal; que la sentencia no puede ejecutarse por no haberse liquidado la cuenta corriente del deudor principal; y que debido a cierto fraude perpetrado por la demandante el demandado no pudo defenderse en el caso y se registró una sentencia condenando al demandado como fiador a pagar la suma de $370 y que esta sentencia no fué notificada al demandado.

La corte municipal en donde se originó el pleito, tenía absoluta jurisdicción sobre los hechos alegados los que constituían el fondo del caso y afectaban como consecuencia necesaria los méritos del mismo. En tal circunstancia no cabe discutir la procedencia del auto de *certiorari* para revisar los procedimientos de la corte municipal. Es un principio repetidamente admitido y citado por la jurisprudencia de que el recurso de *certiorari* nunca puede darse para revisar las cuestiones de hecho ni menos para revisar los méritos del caso. *People* v. *Board of Delegates,* 14 Cal. 479; *Quinchard* v. *Board of Trustees,* 113 Cal. 664; *Farnes etc.* v. *Book Equalization,* 97 Id. 318.

El extremo que debemos considerar ahora se refiere al hecho del fraude alegado por el demandado y que antes habíamos mencionado. En la petición se hace solamente una breve y bien somera alegación respecto a ese punto. Esta manera de alegar sería bastante para rechazar de plano el remedio que pide el demandado ante esta corte. Sin embargo, con más extensión se trata del fraude alegado en la moción que se presentó a la corte municipal solicitando la

apertura de la rebeldía y que forma parte de la transcripción del record. Pero nos encontramos y creemos que es esencial para nuestra decisión final, que el demandado apeló de la resolución del juez municipal denegando la apertura de la rebeldía para ante la Corte de Distrito de Ponce, y esta corte confirmó la resolución apelada, teniendo para ello como sólo fundamento legal el que la resolución del juez municipal no era apelable. No aparece que el demandado estableciera recurso de apelación contra esta última decisión de la corte de distrito para ante esta corte para así haber puesto en tela de juicio y comprobar la suficiencia del fundamento legal que tuvo la Corte de Ponce para declarar que la resolución denegando la apertura de la rebeldía no era apelable.

Por razón de la materia o cuantía del pleito original el demandado tuvo la oportunidad para presentar la apelación ante esta corte; la reclamación del demandante excedía de $300 lo que no hacía final la resolución de la Corte de Distrito de Ponce y estuvo a la disposición del demandado la vía expedita para probar la suficiencia de aquella resolución interponiendo una segunda apelación para ante esta corte. Si sostuviéramos que la resolución de la corte de distrito en apelación de la corte municipal denegando la apertura de una rebeldía es apelable, entonces habíamos de llegar a la conclusión que el demandado había tenido a su alcance el recurso ordinario de apelación. Y a esta conclusión es que hemos llegado. Porque sea o no apelable la orden de la corte municipal denegando la apertura de la rebeldía, es lo cierto que la resolución de la corte de distrito, en apelación de aquella orden, era apelable por tratarse de una sentencia final, y para mejor ilustración de este caso hacemos referencia a la doctrina ya sentada por esta corte en el caso de *Hernáiz Targa & Co.* v. *Vivas,* 20 D. P. R. 106. Resulta pues que el demandado tuvo a su disposición utilizar el recurso ordinario de apelación y es imputable a él su falta de diligencia de no haber hecho uso del mismo, ya que la cuantía del asunto

civil iniciado en la corte municipal le permitía apelar de la resolución de la corte de distrito confirmando la resolución de la primera.    El caso de *Gibron* v. *Superior Court*, 83 Cal. 643, declara que la orden dejando sin efecto una rebeldía es apelable.    Pero este caso procede de una corte superior y podía dudarse de que el caso no fuera perfectamente aplicable ya que estamos tratando de una resolución procedente de una corte municipal.    Estas dudas quedan aclaradas en el caso de *Reggan* v. *Justice's Court*, 75 Cal. 253.    La acción fué comenzada en una corte de paz.    Esta corte de paz tenía jurisdicción sobre la materia y la persona demandada.    Ante la misma se presentó por el demandado la moción solicitando la apertura de la rebeldía; la moción fué denegada y en seguida fué interpuesto un recurso de *certiorari* en la corte superior.    El auto se expidió y después de la vista del caso se dejó sin efecto el auto preliminar y el demandado estableció la correspondiente apelación ante la Corte Suprema.    En la opinión de la corte se dice:

"Nada encontramos en el record que demuestre que la corte no siguió estrictamente las facultades que la ley le confiere.    Si al hacerlo así, se cometió algún error, no está dentro del alcance de un recurso de *certiorari* para revisarlo.    Dicho recurso solamente se expide en casos en que la corte inferior, junta o funcionarios que ejercían funciones judiciales, ha excedido su jurisdicción y no existe apelación ni otro remedio sencillo, pronto y adecuado."

Esta última decisión que citamos reafirma el principio general y admitido por la jurisprudencia de que la sóla cuestión que debíamos examinar era determinar si la corte municipal tenía jurisdicción, y en caso contrario si existía el recurso ordinario de apelación u otro remedio sencillo, pronto y adecuado.

La corte municipal tuvo completa jurisdicción en el presente caso y el demandado tuvo a su voluntad y alcance establecer el recurso ordinario de apelación y no creemos que un remedio extraordinario como lo es el auto de *certiorari*

se expida en tales circunstancias, y especialmente cuando es imputable al peticionario haber dejado de ejercitar el recurso ordinario de apelación.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.