[Sac. No. 3575. In Bank.—August 18, 1925.]

## E. F. PICKERILL, Respondent, v. THOMAS STRAIN, Jr., etc., Appellant.

[1] APPEAL—ORDER DENYING MOTION TO VACATE DEFAULT—NONAPPEALABLE ORDER—REVIEW ON APPEAL FROM JUDGMENT.—No direct appeal lies from an order denying a motion to vacate a default, but whether or not a default was properly entered is a question which may be reviewed upon an appeal from the judgment.

[2] ID.—SETTING ASIDE DEFAULT—DISCRETION.—The action of the superior court, upon an application to set aside a default, or to grant relief therefrom, rests so largely in its discretion that it will not be disturbed on appeal unless it shall be made clearly to appear that there was an abuse of the discretion.

[3] ID.—DIMINUTION OF RECORD.—A motion for diminution of the record to bring before the supreme court certain affidavits not in the record, upon an appeal on the judgment-roll and a bill of exceptions which presents only matters relating to the refusal of the trial court to set aside the default of the defendant, will be denied where there is nothing in the record to show that the affidavits were actually before the lower court on the application to open up the default, and where they add nothing to a very weak showing otherwise made in support of the motion.

---

(1) 3 C. J., p. 527, n. 33.   (2) 4 C. J., p. 840, n. 33.   (3) 4 C. J., p. 509, n. 41.

APPEAL from a judgment of the Superior Court of Kings County. M. L. Short, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

1. See 2 Cal. Jur. 163.
2. See 14 Cal. Jur. 1072.
3. See 2 Cal. Jur. 677.

H. Scott Jacobs and Moote & Patterson for Appellant.

J. L. C. Irwin and Chas. E. Watkinson for Respondent.

WASTE, J.—A judgment, after default, was entered against the defendant, and he has appealed on the judgment-roll and a bill of exceptions which presents only the matters relating to the refusal of the lower court to set aside the default.

The plaintiff commenced an action in the superior court of Kings County and the defendant was served with complaint and summons in Los Angeles County on December 6, 1922, as he was about to depart from the state. The defendant returned to California on January 2, 1923. On January 5th, demurrer to the complaint and papers on motion for a change of place of trial were served on the plaintiff's attorneys by mailing, and the originals, unaccompanied by any filing fees, were forwarded to the clerk of the court in which the action was pending. On the next day, January 6th, the plaintiff, who is the county clerk of Kings County, noted the default of the defendant, and thereupon entered judgment in his own favor for the full amount prayed for in the complaint. On January 22d the defendant served affidavits and notice of motion to set aside the default and judgment on the ground of excusable neglect, and upon the further ground that plaintiff, as clerk of the court, was disqualified from entering either a default or a judgment. A counter-showing was made by the plaintiff, and upon due consideration the court denied the motion to open the default, but made an order setting aside the judgment. Thereafter, according to the record, the action was "set down for trial . . . before the court sitting without a jury; whereupon witnesses on the part of the plaintiff were sworn and examined, and the evidence being closed, the cause was submitted to the court for consideration and decision," and judgment was ordered for the plaintiff in accord with the proof made. The defendant filed notice of appeal "from the judgment made and entered in said Superior Court in the above entitled action on the 7th day of August, 1923, in favor of the plaintiff in said action and against the defendant, for the sum of $1750.89 and costs, and from the whole thereof."

The respondent urges, in opposition to a consideration of the appeal, the contention that appellant cannot be heard in support of his plea that the court erred in refusing to set aside his default, for the reason that no appeal has been taken from that order. There is no merit in the objection. [1] No direct appeal lies from an order denying a motion to vacate a default. (Code Civ. Proc., sec. 963; *Timmons* v. *Coonley,* 39 Cal. App. 35 [179 Pac. 429].) But, whether or not his default was properly entered is a question which appellant had a right to have adjudicated upon an appeal from the judgment. (*Rickeston* v. *Torres* (*Compton*), 23 Cal. 636, 650; *Maud* v. *Wear,* 55 Cal. 25.)

The motion to set aside the default was made upon the ground of surprise, mistake, and excusable neglect. According to the bill of exceptions, the only affidavit in support of the motion was one made by an attorney for the defendant in which he sets forth the pertinent facts already narrated, and the further allegation that "affiant had in mind the provisions of section 1013 of the Code of Civil Procedure of the State of California, which provides that a deposit in the mail is equivalent and that service is had when deposit was made and affiant was under the impression that by the provision of this section an appearance would also be had by deposit." [2] It has been so often held as not to need citation of authorities that the action of the superior court upon an application to set aside a default, or grant relief therefrom, rests so largely in its discretion that it will not be disturbed on appeal unless it shall be made clearly to appear that there was an abuse of the discretion. (*Ingrim* v. *Epperson,* 137 Cal. 370 [70 Pac. 165].) In this case the court did not err in refusing to open the default on the showing made. (*Hancock* v. *Pico,* 40 Cal. 153.)

[3] Appellant makes a suggestion of diminution of the record for the purpose of bringing to our attention the affidavits of the respondent and the deputy county clerk, both of which affidavits, he represents, were before the trial court, but neither of which is included in the record on appeal. There is nothing in the record to show that the affidavits were actually before the court on the application to open the default, but, assuming that they were, they add

nothing to the very weak showing, otherwise made, in support of the motion.

Appellant complains that the judgment is excessive. The judgment recites that witnesses on the part of the plaintiff were sworn and examined, and the evidence being closed the cause was submitted. Appellant has not brought the evidence to this court. From an examination of the judgment-roll we find the case is one in the jurisdiction of the superior court, the complaint states a cause of action, the default of the defendant was duly entered, and the judgment is regular on its face.

For the reasons given, diminution of the record is denied. Judgment affirmed.

Lawlor, J., Seawell, J., Richards, J., Houser, J., *pro tem.,* Myers, C. J., and Knight, J., *pro tem.,* concurred.