[Civ. No. 5663. First Appellate District, Division Two.—May 27, 1926.]

A. W. HIGGINS, Trustee in Bankruptcy, etc., Petitioner, v. Honorable E. P. MOGAN, Judge, etc., Respondent.

[1] APPEAL—ORDER SETTING ASIDE DEFAULT—JUDGMENT—BILL OF EXCEPTIONS.—Though an order setting aside the defendants' default in failing to appear and answer the complaint after regular service with process is not an appealable order, under section 956 of the Code of Civil Procedure such order is reviewable upon appeal from the judgment; and in the absence of a bill of exceptions covering the hearing upon such order, an appeal from the judgment will bring up the judgment-roll alone and the merits of the decision will not be open to examination by the appellate court.

---

1. See 2 Cal. Jur. 186.

[2] Id.—Intermediate Decision—Separate Bill of Exceptions.—Section 649 of the Code of Civil Procedure prescribes a special mode for the settlement of a separate bill of exceptions to any intermediate decision.

[3] Id.—Permissive Procedure—Mandatory Duty of Judge.—Section 649 of the Code of Civil Procedure, which provides that a bill "containing an exception to any decision may be presented to the court or judge for settlement at any time after the decision is made," etc., is permissive in its terms, but this permission is given to the party aggrieved and not to the trial court; and where a bill of exceptions to any decision is presented to the judge within the time prescribed by that section, he must settle and sign the same.

(1) 3 C. J., p. 527, n. 32; 4 C. J., p. 682, n. 82.   (2) 4 C. J., p. 256, n. 89.   (3) 4 C. J., p. 248, n. 30, p. 293, n. 25.

PROCEEDING in Mandamus to compel E. P. Mogan, Judge of the Superior Court of the City and County of San Francisco, to settle and sign a bill of exceptions.   Peremptory writ issued.

The facts are stated in the opinion of the court.

Edwin H. Williams for Petitioner.

No appearance for Respondent.

NOURSE, J.—This is an original application to this court for a writ of mandate requiring the respondent Judge of the Superior Court to settle and allow the plaintiff's proposed bill of exceptions.   The petition alleges that the plaintiff was a duly appointed and acting trustee in bankruptcy of the Old Mission Kopper Kraft, Inc.; that on August 4, 1925, he commenced an action in the Superior Court of the City and County of San Francisco against two defendants who were regularly served with process and failed to appear therein, and that on November 19, 1925, the default of both of said defendants was duly entered; that thereafter said defendants moved the Superior Court to set aside said default and that on January 8, 1926, said motion was granted and said defendants were given leave to answer plaintiff's complaint; that notice of said order was not given to the plaintiff until

3.  See 2 Cal. Jur. 567.

March 2, 1926, and that immediately thereafter plaintiff excepted to said order and prepared his proposed bill of exceptions thereto; that said proposed bill was served upon the said defendants within the time prescribed by law and duly presented to the judge of said court for settlement; that no amendments were proposed thereto by said defendants but that objections were made by them to the settlement of the bill upon the sole ground that the order setting aside said default was not an appealable order and was, therefore, not an order to which a special bill of exceptions might be filed; that after hearing upon said objections the judge of said court refused, and still refuses, to settle or allow said bill.

Upon the return date of the order to show cause issued by this court no appearance was made on behalf of the respondent and we are left to assume that the only defense to the issue of a writ of mandate as prayed herein is that tendered to the trial court in opposition to the settlement of the proposed bill. The petitioner herein frankly concedes that the order setting aside the default is not an appealable order, but he insists that under the express provisions of section 649 of the Code of Civil Procedure he is nevertheless entitled to a settlement of his proposed bill. This section of the code provides in part: "A bill containing an exception to *any decision* may be presented to the court or judge for settlement at any time after the decision is made but the *same must be presented within 10 days* after written notice of making such decision and after having been settled must be signed by the judge and filed by the clerk." Section 650 of the same code provides, in part: "When a party desires to have exceptions taken *at a trial* settled in a bill of exceptions he may at any time *thereafter* and *within 10 days after the entry of judgment* . . . prepare the draft of a bill." (Emphasis ours.) Section 956 of the same code provides that upon an appeal from a judgment the court may review the verdict or the decision "and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or which substantially affects the rights of a party."

[1] Thus, though the order setting aside the defendants' default is not an appealable order, it is nevertheless reviewable upon appeal from the judgment under the provisions

of section 956.   In the absence of a bill of exceptions covering the hearing upon the order to set aside the default an appeal from the judgment would bring up the judgment-roll alone and the merits of the decision upon the order would not, therefore, be open to examination by the appellate court.   [2]   Though it may be that under section 650 these intermediate orders, such as the one involved here, are to be considered a part of the "trial" so that a single bill of exceptions might cover all these intermediate decisions as well as the final hearing itself and so may be settled after final judgment (a point which we do not deem necessary to decide in this proceeding), it is evident that the legislature has prescribed a special mode for the settlement of a separate bill of exceptions to any intermediate decision under the terms of section 649.   [3]   Though this section is permissive in its terms, the permission is given to the party aggrieved and not to the trial court.   By the express terms of the section a party *may* present for settlement a special bill of exceptions to any decision within ten days after notice of the decision and when settled the bill *must* be signed by the judge.   The clear meaning of the section is that when such a bill is presented to the judge within the time prescribed by the section he must both settle and sign the same. There is nothing in the section or in any other portion of the code which supports the respondent in his argument that the words "any decision" mean only a decision from which a separate appeal might be taken.

Let a peremptory writ of mandate issue to the respondent to settle and sign the proposed bill of exceptions as prayed.

Sturtevant, J., and Langdon, P. J., concurred.