José Cardona Piquet, peticionario y apelante, *v.* El Juez Municipal de Aguadilla e Isidro Quiñones Vidal, demandados y apelados.

No. 5084.—*Sometido:* Marzo 19, 1930. *Resuelto:* Mayo 26, 1930.

A. *García Ducós,* abogado del apelante; *J. Veray Jr.,* abogado del apelado.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

De las actuaciones en este caso, aparece que Isidro Quiñones Vidal siguió ante la corte municipal de Aguadilla un pleito contra José Cardona Piquet en cobro de cantidad; el demandado fué emplazado; no alegó; se anotó su rebeldía, y se dictó sentencia condenándole a pagar la suma reclamada; firme la sentencia, se pidió su ejecución; y en ese trámite compareció el demandado con una moción jurada en la que alegaba que cuando se le emplazó acudió al demandante, y éste le dijo que al seguir el pleito su finalidad no fué otra que la de garantizarse por medio del embargo, pero que estaba conforme con prorrogar la obligación; que ésta en realidad estaba a favor de Doña Teresa Géigel, madre política del demandante, la que había aceptado prorrogarla y tomar otra obligación; que el demandado tenía buena defensa; y que invocaba la discreción de la corte, de acuerdo con el artículo 140 del Código de Enjuiciamiento Civil, para que se abriera la rebeldía, y se le admitiera la contestación

que acompañaba. Asimismo unió una declaración jurada, en apoyo de algunas alegaciones de su moción. Se oyó ésta en corte, presentando el demandante en oposición, y ambas partes declaraciones juradas. Y la corte municipal resolvió denegando la moción. Entonces el demandado presentó a la corte de distrito de Aguadilla petición de *certiorari,* contra el Juez Municipal de Aguadilla e Isidro Quiñones Vidal, y pidió a la corte que en definitiva anulara la resolución en que se le denegó la apertura de rebeldía y admisión de su contestación. Se libró el auto, y comparecieron las partes. Realmente no se sabe por qué el demandante en el caso principal pidió que se le permitiera intervenir. Si la copia de la petición es exacta, el *certiorari* se pedía contra "Juez Municipal de Aguadilla e Isidro Quiñones Vidal," y sería claro que la persona que figura como uno de los demandados no tenía que pedir intervención, siendo perfecto su derecho a estar en el caso. La corte de distrito resolvió el caso anulando el auto expedido, y disolviendo un *injunction* que había decretado. Y contra esa sentencia se ha interpuesto esta apelación.

El apelante Cardona Piquet, señala tres errores. El primero por haberse permitido intervenir a Quiñones Vidal; el segundo por no haber aceptado la corte cierta evidencia oral, que se había presentado en la corte municipal; y el tercero por haber declarado la corte que la municipal de Aguadilla no había incurrido en error de procedimiento, y que se trata de una cuestión de discreción.

■ Pidiera o no Quiñones Vidal la intervención en la vista del *certiorari,* es evidente que siendo el demandante en el caso de que se trata, él tenía el derecho de ser una parte en el proceso, y de ser oído contra la petición. Esto parece tan claro, que no precisa que anotemos autoridades en apoyo de lo que declaramos.

■ En cuanto a admisión de la prueba oral que se había presentado ante la corte municipal, la regla en procedimiento

de *certiorari,* es que el *return* (como lo había aquí) contiene la prueba.

"Excepto cuando el estatuto prescribe o la práctica autoriza lo contrario, la regla general es que al determinarse si una corte inferior tiene o no jurisdicción y procedió en debida forma al resolver la cuestión recurrida, la corte superior está limitada a considerar los autos elevados a virtud del mendamiento expedido, donde el error, de existir, debe aparecer." 11 C. J. 199, párrafo 355 y notas.

En algunos estatutos se ha admitido, más o menos directamente, la introducción de prueba *aliunde.* Pero nunca puede traerse prueba que desnaturalice el recurso, y consienta que se intente revisar la apreciación de la prueba por el inferior.

En el caso *Padilla* v. *Corte de Paz,* 35 D.P.R. 301, se dijo:

"El caso concreto sometido a nuestra consideración y resolución no es en verdad uno de los *certioraries especiales* a que acabamos de referirnos. Si la Corte de Distrito de Mayagüez pudo expedirlo lo fué a virtud de los poderes que otorga la ley general de 1904 (Comp. 1911, secs. 1349 a 1353), sobre la materia. Siendo ello así y apareciendo que la corte admitió prueba fuera del diligenciado, es necesario reconocer que el error alegado existe. Ahora bien, dicho error no es, a nuestro juicio, perjudicial, porque del diligenciado por sí solo surge la falta de jurisdicción de la Corte de Paz de Maricao sobre la persona del peticionario, como veremos en seguida al considerar el segundo de los errores señalados."

Y se citó el caso *Stump* v. *San Luis Obispo County,* 131 Cal. 364, 63 Pac. 663, en el que se sostuvo que

". . . El auto diligenciado constituye la contestación, así como la prueba y el caso se celebra por virtud del mismo, a menos que mediante moción se presente una contestación adicional o enmendada."

Debe en esta ocasión, recordarse lo dicho por este tribunal en el caso *Pabón* v. *Juez Municipal de Juana Díaz et al.,* 30 D.P.R. 474.

"Por razón de la materia o cuantía del pleito original el demandado tuvo la oportunidad para presentar la apelación ante esta corte;

la reclamación del demandante excedía de $300 lo que no hacía final la resolución de la Corte de Distrito de Ponce y estuvo a la disposición del demandado la vía expedita para probar la suficiencia de aquella resolución interponiendo una segunda apelación para ante esta corte. Si sostuviéramos que la resolución de la corte de distrito en apelación de la corte municipal denegando la apertura de una rebeldía es apelable, entonces habíamos de llegar a la conclusión que el demandado había tenido a su alcance el recurso ordinario de apelación. Y a esta conclusión es que hemos llegado. Porque sea o no apelable la orden de la corte municipal denegando la apertura de la rebeldía, es lo cierto que la resolución de la corte de distrito, en apelación de aquella orden, era apelable por tratarse de una sentencia final, y para mejor ilustración de este caso hacemos referencia a la doctrina ya sentada por esta corte en el caso de Hernaiz Targa & Co. v. Vivas, 20 D.P.R. 106. Resulta pues que el demandado tuvo a su disposición utilizar el recurso ordinario de apelación y es imputable a él su falta de diligencia de no haber hecho uso del mismo, ya que la cuantía del asunto civil iniciado en la corte municipal le permitía apelar de la resolución de la corte de distrito confirmando la resolución de la primera. El caso de Gibron v. Superior Court, 83 Cal. 643, declara que la orden dejando sin efecto una rebeldía es apelable. Pero este caso procede de una corte superior y podía dudarse de que el caso no fuera perfectamente aplicable ya que estamos tratando de una resolución procedente de una corte municipal. Estas dudas quedan aclaradas en el caso de Reggan v. Justice's Court, 75 Cal. 253. La acción fué comenzada en una corte de paz. Esta corte de paz tenía jurisdicción sobre la materia y la persona demandada. Ante la misma se presentó por el demandado la moción solicitando la apertura de la rebeldía; la moción fué denegada y en seguida fué interpuesto un recurso de *certiorari* en la corte superior. El auto se expidió y después de la vista del caso se dejó sin efecto el auto preliminar y el demandado estableció la correspondiente apelación ante la Corte Suprema. En la opinión de la corte se dice:

" 'Nada encontramos en el récord que demuestre que la corte no siguió estrictamente las facultades que la ley le confiere. Si al hacerlo así, se cometió algún error, no está dentro del alcance de un recurso de *certiorari* para revisarlo. Dicho recurso solamente se expide en casos en que la corte inferior, junta o funcionarios que ejercían funciones judiciales, ha excedido su jurisdicción y no existe apelación ni otro remedio sencillo, pronto y adecuado.' "

En lo que toca al tercer señalamiento, es indudable

que las facultades que a una corte se dan por el artículo 140 del Código de Enjuiciamiento Civil, son a ejercer en su discreción. Es cierto que la resolución de la corte municipal de Aguadilla no puede recomendarse por su claridad, ni por el razonamiento; pero, aun prescindiendo de sus frases acerca de los contradictorio de la prueba, la discreción estaba bien ejercitada, y no hubo abuso de ella. Y en esas condiciones el fundamento de la sentencia apelada, es sólido, y no puede atacarse como erróneo. De todas formas, no es el razonamiento de una sentencia la materia apelable.

*Debe confirmarse la sentencia apelada.*