[Civ. No. 7926. First Appellate District, Division One.—January 14, 1932.]

CARL E. DAY, Appellant, v. THE JUSTICE'S COURT IN AND FOR TOWNSHIP 3, COUNTY OF SAN MATEO, et al., Respondents.

Carl E. Day, *in pro. per.*, and John Ralph Wilson for Appellant.

Norman S. Menifee for Respondents.

KNIGHT, J.—This is an appeal from a final order made by the superior court denying the issuance of a writ of *certiorari*, which appellant sought for the purpose of reviewing and having annulled a justice's court order vacating the default judgments of two defendants in an action for damages. The application for the writ was based upon the grounds that the notice given appellant of the hearing of the motion to set aside said defaults was less than is required by the provisions of section 1005 of the Code of Civil Procedure, and that copies of the affidavits upon which the motion was to be based were not served upon him. (Code Civ. Proc., sec. 1010.)

Appellant concedes that if the justice's court order was reviewable on an appeal the trial court was justified

in denying the issuance of the writ (*Olcese* v. *Justice's Court*, 156 Cal. 82 [103 Pac. 317]); and it is evident that the order was so reviewable by way of appeal upon questions of law from any adverse judgment the justice's court might afterwards render in the action. In this regard sections 974 and 975 of the Code of Civil Procedure provide that such an appeal may be taken to the superior court upon a statement of the case; and that when so taken and presented "the superior court may review *all orders* affecting the judgment appealed from . . . ". (Code Civ. Proc., sec. 980.) (Italics ours.) Manifestly, the words "all orders" as there used include an order determining a motion to vacate a default. The case is no different from the one wherein it is claimed that service of summons is insufficient to vest a justice's court with jurisdiction, and a motion to quash upon that ground is denied; it being held in such cases that the right of appeal from any adverse judgment thereafter rendered in the action affords a plain, speedy and adequate remedy, by means whereof the erroneous ruling of the justice may be reviewed. (*Germain Seed etc. Co.* v. *Justice's Court*, 41 Cal. App. 397 [182 Pac. 784].)

True, as appellant contends, the law makes no provision for a separate appeal from a justice's court order granting a motion to set aside a default judgment; but in this respect the law is the same as that governing the review of similar orders made in the superior court (Code Civ. Proc., sec. 963; *Pickerill* v. *Strain*, 196 Cal. 683 [239 Pac. 323]), in which cases it is held that said orders are reviewable on appeal from the judgment (*Higgins* v. *Mogan*, 78 Cal. App. 199 [248 Pac. 551]), and that consequently *certiorari* is not available for such purpose. (*Savage* v. *Smith*, 154 Cal. 325 [97 Pac. 821]; *Gibson* v. *Superior Court*, 83 Cal. 643 [24 Pac. 152].)

For the reason stated the order appealed from, which in its nature is the final judgment in the action, is affirmed.

Tyler, P. J., and Cashin, J., concurred.