[Civ. No. 8318. First Appellate District, Division One.—February 11, 1932.]

GEORGE L. HUGHSON, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent.

Paul A. Lindley for Petitioner.

William M. Thornton for Respondent.

KNIGHT, J.—Petitioner seeks by this proceeding in *certiorari* to have reviewed and annulled an order made

by the respondent court vacating the defaults of two defendants entered by the clerk for failing to answer within the time allowed by law the fifth amended complaint filed by petitioner in an action to foreclose a mechanic's lien, it being claimed that the motion to vacate was filed more than six months after the defaults were entered, and that therefore the court was without jurisdiction to entertain or grant the motion. (Code Civ. Proc., sec. 473.)

■ "With reference to the exercise of the power of this court to grant a writ of *certiorari*, it is pointed out by the case of *Stoddard* v. *Superior Court*, 108 Cal. 303 [41 Pac. 278, 279], that even though a court be without jurisdiction to make an order or decree, if such order or decree 'is appealable, *certiorari* will not lie, because it lies only where "there is no appeal". (Code Civ. Proc., sec. 1068.) In this respect,' says the court, 'it differs from *mandamus* and prohibition, which lie *"in all cases* where there is not a plain, speedy, and adequate remedy in the ordinary course of law". (Code Civ. Proc., secs. 1086, 1103.) With respect to *certiorari* the language of the code is "when . . . there is no appeal, *nor,* in the judgment of the court, any plain, speedy, and adequate remedy". (Code Civ. Proc., sec. 1068.) In *Stuttmeister* v. *Superior Court*, 71 Cal. 322 [12 Pac. 270], the authorities on the point are collated; and it was there declared that "the writ (*certiorari*) will not lie when there is an appeal from the action complained of", and "the writ is not given in lieu of an appeal, but only to review errors in excess of jurisdiction *for which an appeal does not lie".' "* (*Helbush* v. *Superior Court*, 99 Cal. App. 501 [278 Pac. 1062].) Furthermore, it is held that the phrase, "and there is no appeal", as used in said section 1068, is not restricted in its application to the particular order which may be made the subject of the specific attack, and that it is of no consequence, therefore, whether or not that particular order is appealable if its effect can be reviewed and nullified by an appeal from the judgment. (*Postal Telegraph-Cable Co.* v. *Superior Court*, 22 Cal. App, 770 [136 Pac. 538] ; *Booth* v. *Superior Court*, 81 Cal. App. 709 [254 Pac. 617] ; 4 Cal. Jur., p. 1053.)

In the present case, although no direct or separate appeal lies from an order granting a motion to vacate a default upon which no judgment has been given (*Sherman* v.

*Standard Mines Co.,* 166 Cal. 524 [137 Pac. 249]; *Lapique* v. *Superior Court,* 24 Cal. App. 313 [141 Pac. 223]; *Rose* v. *Lelande,* 17 Cal. App. 308 [119 Pac. 532]), it has been uniformly held that such an order is reviewable and may be annulled on an appeal from any adverse judgment which might afterward be rendered in the action. (*Higgins* v. *Mogan,* 78 Cal. App. 199 [248 Pac. 551]; *Pickerill* v. *Strain,* 196 Cal. 683 [239 Pac. 323]; *Day* v. *Justice's Court,* 119 Cal. App. 620 [7 Pac. (2d) 200].) It is expressly so held in the case of *Savage* v. *Smith,* 154 Cal. 325 [97 Pac. 821], which petitioner cites and relies upon, the court there saying: ''It is true that in that case [*Gibson* v. *Superior Court,* 83 Cal. 643 (24 Pac. 152)] the court, speaking of an order setting aside a defendant's default, said that it was an 'appealable order'. The expression was careless and inaccurate, and in the connection in which it was used meant no more than that it was an order reviewable on appeal from the judgment, and was for that reason not reviewable in *certiorari,* that being the point to be decided.'' There is nothing in the case of *Hinds* v. *Superior Court,* 65 Cal. App. 223 [223 Pac. 422], also cited by petitioner, which holds to the contrary. It is true, in that case an order of the kind here challenged was reviewed and annulled on *certiorari* rather than on appeal from the judgment, but the question of the propriety of such remedy was neither urged nor considered.

Inasmuch, therefore, as the order here assailed may be reviewed on an appeal from the judgment, the present proceeding must be dismissed. It is so ordered.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 12, 1932, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 11, 1932.