Eduarda Figueroa Vda. de Arroyo, por sí y como madre con patria potestad sobre sus menores hijos Matilde, Petra, Mercedes, Elba, Belén, Delia-Luz y Luisa Arcadia Arroyo y Figueroa, demandantes y apelantes, *v.* Saldaña Crosas Realty Corporation, Adrián Nelson y Garage Casino, Ltd., demandados y apelados.

No. 6198.—*Sometido:* Noviembre 21, 1932.—*Resuelto:* Noviembre 23, 1932.

*M. Benítez Flores*, abogado de los apelantes; *Juan B. Soto*, abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En marzo 31 de 1932, a solicitud de los demandantes, el Secretario de la Corte de Distrito de San Juan anotó la rebeldía de los demandados Saldaña Crosas Realty Corporation y Garage Casino, Ltd. En 5 de octubre del mismo año la corte inferior, a solicitud de los demandados, dictó una resolución abriendo la rebeldía que había sido anotada contra Garage Casino, Ltd. y autorizando a Saldaña Crosas Realty Corporation a radicar, dentro del término de diez días, una moción enmendada solicitando la apertura de la rebeldía que contra dicha demandada había sido también anotada. De esta orden de la corte apelaron los demandantes y los demandados solicitan ahora que se declare desierto el recurso de apelación, por no ser apelable la referida orden.

En el caso de *Dávila* v. *Barreiro*, 20 D.P.R. 45, esta corte declaró que una orden dejando sin efecto una anotación de rebeldía no es apelable. En el caso de *Hernaiz Targa & Co.* v. *Vivas,* 20 D.P.R. 106, se declaró que una resolución negando la anulación de una sentencia dictada en rebeldía tiene el carácter de orden especial dictada después de sentencia y puede ser apelada. En el caso de *Freiría & Co.* v. *R. Félix Hnos. & Co.,* 20 D.P.R. 159, se resolvió que una orden anulando una sentencia en rebeldía es apelable.

Como puede verse, en el caso de *Dávila* v. *Barreiro* se trataba de una simple anotación de rebeldía. Se apeló de la orden dejando sin efecto dicha anotación y esta corte declaró acertadamente que la referida orden no era apelable. En los otros dos casos citados se trata de resoluciones dictadas des-

pués de sentencia. En el caso de *Savage* v. *Smith,* 154 Cal. 325, la Corte Suprema de California dice:

. . . "Ciertamente no es verdad que una orden dejando sin efecto una rebeldía, cuando aún no se ha dictado sentencia, puede ser objeto de una apelación separada. No es en sentido alguno una orden dictada después de sentencia y no es una de las órdenes interlocutorias enumeradas en el artículo 963 del Código de Enjuiciamiento Civil."

*Lapique* v. *Plummer,* 24 Cal. App. 685; *Rose* v. *Lallande,* 17 Cal. App. 308.

En el caso de *Rauer's Law & Collection Co. Inc.* v. *Standley,* 84 Pac. Rep. 214, la Corte de Apelaciones para el Tercer Distrito de California se expresó en los siguientes términos:

"Sobre este punto es solamente necesario decir que la orden apelada no es una de las enumeradas en el artículo 963 del Código de Enjuiciamiento Civil. No es una orden especial dictada después de sentencia definitiva. La rebeldía del demandado había sido registrada, pero no se había dictado sentencia sobre dicha rebeldía al tiempo en que se promovió la apelación. El artículo 585 del Código de Enjuiciamiento Civil establece el deber del secretario en ciertos casos de dictar sentencia 'a solicitud del demandante', inmediatamente después que la rebeldía ha sido anotada. En otros casos determinados el demandante puede 'solicitar que se le conceda lo que pide en la demanda.' No existe constancia en el récord con respecto al carácter de la acción, y basándonos en la presunción de que 'los deberes oficiales han sido regularmente cumplidos' por el secretario, nosotros presumimos que la acción fué una en la cual él no estaba autorizado para registrar inmediatamente una sentencia, al anotar la rebeldía, o que lo hubiera hecho así si se le hubiese solicitado. Pero, descartando este aspecto de la cuestión, y asumiendo que la acción es una de las comprendidas en la subdivisión primera del artículo 963, aparece que en realidad no se dictó sentencia, y que por lo tanto la orden no fué una dictada 'después de sentencia definitiva', y no existe constancia de que se pidiera al secretario que registrase sentencia al anotar la rebeldía."

De acuerdo con la jurisprudencia anteriormente citada, la orden de la corte inferior resulta claramente inapelable.

*Por las razones expuestas se declara desierto el recurso de apelación interpuesto por los demandantes.*