PABLO PEDRAZA, demandante y apelante, *v.* JENARO GONZÁLEZ Y RODRÍGUEZ y ZENONA DEL VALLE ROSARIO, demandados y apelados.

No. 6182.—*Sometido:* Diciembre 12, 1933. *Resuelto:* Diciembre 15, 1933.

*J. C. Rivera Morales,* abogado del apelante; *González Fagundo & González Jr.,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Esta apelación se interpuso por el demandante porque la Corte de Distrito de Humacao dejó sin efecto la anotación de rebeldía de los demandados. Los apelados no han presen-

---

* NOTA: Véase el prefacio.

tado alegato escrito ante nosotros ni asistieron a la vista de esta apelación.

Mientras se celebraba el juicio en este caso en la corte inferior sin asistencia de los demandados, cuya rebeldía había sido anotada por el secretario, ellos comparecieron en el juicio con moción solicitando que se dejara sin efecto la anotación de su rebeldía, y la corte suspendió el juicio en el estado en que estaba, decretando algún tiempo después que esa rebeldía quedase sin efecto y admitiendo la contestación a la demanda que fué presentada. En ese estado del procedimiento se interpuso esta apelación contra esa resolución sin que se haya dictado sentencia sobre los méritos del litigio.

Las cuestiones sobre apertura de rebeldía se han suscitado, generalmente, después de dictarse sentencia y la apelación que se ha interpuesto contra la resolución que en ese estado del pleito la concede o la niega se halla amparada por el artículo 295, No. 3, del Código de Enjuiciamiento Civil que autoriza apelación contra providencia especial dictada después de sentencia definitiva. Este caso es distinto, porque como hemos dicho antes la resolución apelada fué dictada sin que haya recaído sentencia en el pleito, pero es igual al caso de *Dávila et al.* v. *Barreiro,* 20 D.P.R. 45, en el que a instancia del demandado desestimamos la apelación por falta de jurisdicción para resolverla por no estar autorizado ese recurso en ninguno de los casos que especifica el artículo 295 citado. Véase también *Figueroa Vda. de Arroyo* v. *Saldaña Realty Co.,* 44 D.P.R. 74. Casos como el presente han sido decididos por nosotros a virtud de autos de *certiorari* que hemos librado en los casos de *Franceschi et al.* v. *Sepúlveda, juez,* 27 D.P.R. 120, y *Porto Rico Ry., Lt. and P. Co.* v. *Campillo, juez,* 28 D. P. R. 987.

*No estando autorizados nosotros por la ley para resolver la apelación interpuesta en el caso presente, nos vemos constreñidos a desestimarla.*