L. José E. Vázquez-Prada y López, Plaintiff and Appellant, v. Eliza B. King Widow of Dooley and Mary Gertrude Johnson and Dooley, Defendants and Appellees.

No. 8176. Submitted March 20, 1941.—Decided March 21, 1941.

L. José E. Vázquez-Prada y López, pro se. Dubón & Ochoteco and Rodrigo Otero Suro, for appellees.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

On March 1, 1940, at the request of the plaintiff, the Clerk of the District Court of San Juan entered the default of the codefendant, Eliza B. King Widow of Dooley. She requested that the default be set aside and that she be allowed to file her answer which she attached to the motion therefor, and the plaintiff having filed an opposition, a hearing was held, and the lower court, on March 11, 1940, issued an order whereby it set aside the default and allowed the answer to be filed. From this order of the court the plaintiff appealed.

Although the codefendant-appellee has not expressly requested the dismissal of this appeal, she cites in her brief the case of Pedraza v. González, 45 P.R.R. 896, to show that the order rendered by the lower court is not appealable. If

this is so, we must not consider any of the assignments of error charged by the appellant, because we would lack jurisdiction to decide the appeal on the merits.

In the *Pedraza* case, *supra,* this Court held as follows:

"Generally, the questions relating to the opening of defaults are raised after judgment has been rendered; and an appeal taken from a decision which at that stage of the case grants or denies the setting aside of a default is covered by section 295, subdivision 3, of the Code of Civil Procedure, which authorizes an appeal from a special order rendered after final judgment. The instant case is different, for, as we have already stated, the order appealed from was rendered without judgment having been entered in the suit. It is similar to the case of *Dávila et al.* v. *Barreiro,* 20 P.R.R. 43, where at the request of defendant we dismissed the appeal for lack of jurisdiction to decide it, as the appeal was not authorized by said section 295. See also *Figueroa* v. *Saldaña Realty Co.,* 44 P.R.R. 71. . . ."

Distinguishing the cases where one appeals from an order setting aside a judgment by default from those where, as in the case at bar, the only thing that has been set aside is the default, this Court said in the case of *Figueroa* v. *Saldaña Realty Corp., supra:*

"In the case of *Dávila et al.* v. *Barreiro,* 20 P.R.R. 43, this Court held that an order setting aside a default is not appealable. In *Hernáiz Targa & Co.* v. *Vivas,* 20 P.R.R. 99, it was held that an order denying a request to set aside a judgment by default is in the nature of a special order made after judgment and is appealable. It was decided in the case of *Freiría & Co.* v. *R. Félix Hnos. & Co.,* 20 P.R.R. 148, that an order vacating a judgment by default is appealable.

"The case of *Dávila* v. *Barreiro, supra,* dealt with a simple entry of default. Appeal was taken from the order setting aside said entry and this Court properly held that the aforesaid order was not appealable. In the other two cases cited there were involved orders issued after judgment. In the case of *Savage* v. *Smith,* 154 Cal. 325, the Supreme Court of California declared:

" ' . . . Certainly it is not true that an order setting aside a default in an action where no judgment has been entered upon the default, is the subject of a separate appeal. It is in no sense an

order after judgment and it is not one of the interlocutory orders enumerated in section 963 of the Code of Civil Procedure.'

"See also *Lapique* v. *Plummer*, 24 Cal. A. 685; *Rose* v. *Lallande,* 17 Cal. A. 308."

In accordance with the decisions copied above, the order of the lower court in this case is clearly not appealable.

The appeal is dismissed for want of jurisdiction.