L. José E. Vázquez-Prada y López, demandante y apelante, v. Eliza B. King Vda. de Dooley y Mary Gertrude Johnson y Dooley, demandadas y apeladas.

Núm. 8176.—*Sometido:* Marzo 20, 1941. *Resuelto:* Marzo 21, 1941.

*L. José E. Vázquez-Prada y López,* por su propio derecho; *Dubón & Ochoteco y Rodrigo Otero Suro,* abogados de las apeladas.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

En marzo 1 de 1940, a solicitud del demandante el Secretario de la Corte de Distrito de San Juan anotó la rebeldía de la codemandada Eliza B. King Vda. de Dooley. Solicitó ésta su apertura y que se le permitiera radicar su contestación que acompañaba a su moción y habiéndose opuesto el demandante, se celebró una vista y la corte inferior, el 11 de marzo de 1940, dictó una resolución por la que dejó sin efecto la rebeldía anotada y admitió la contestación radicada. De esta resolución de la corte apeló el demandante.

Aunque la codemandada apelada no ha solicitado expresamente la desestimación de este recurso, en su alegato cita el caso de *Pedraza* v. *González,* 45 D.P.R. 927, para demostrar que la resolución dictada por la corte inferior no es apelable. Si esto es así, no debemos entrar a considerar ninguno de los fundamentos de error expuestos por el apelante, pues careceríamos de jurisdicción para conocer del recurso en sus méritos.

En el caso de *Pedraza,* supra, esta Corte resolvió lo siguiente:

"Las cuestiones sobre apertura de rebeldía se han suscitado, generalmente, después de dictarse sentencia y la apelación que se ha interpuesto contra la resolución que en ese estado del pleito la concede o la niega se halla amparada por el artículo 295, Núm. 3, del Código

de Enjuiciamiento Civil que autoriza apelación contra providencia especial dictada después de sentencia definitiva. Este caso es distinto, *porque como hemos dicho antes la resolución apelada fué dictada sin que haya recaído sentencia en el pleito, pero es igual al caso de Dávila et al. v. Barreiro, 20 D.P.R. 45, en el que a instancia del demandado desestimamos la apelación por falta de jurisdicción para resolverla por no estar autorizado ese recurso en ninguno de los casos que especifica el artículo 295 citado.* Véase también *Figueroa Vda. de Arroyo v. Saldaña Realty Co., 44 D.P.R. 74. . . .*"

Distinguiendo los casos en que se apela de una resolución dejando sin efecto una sentencia dictada en rebeldía de aquellos en que, como en el de autos, solamente se ha dejado sin efecto la anotación de rebeldía, se dijo en el caso de *Figueroa Vda. Arroyo v. Saldaña Realty Corp.*, supra:

"En el caso de *Dávila v. Barreiro, 20 D.P.R. 45, esta corte declaró que una orden dejando sin efecto una anotación de rebeldía no es apelable.* En el caso de *Hernáiz Targa & Co. v. Vivas,* 20 D.P.R. 106, se declaró *que una resolución negando la anulación de una sentencia dictada en rebeldía tiene carácter de orden especial dictada después de sentencia y puede ser apelada.* En el caso de *Freiría & Co. v. R. Félix Hnos. & Co., 20 D.P.R. 159, se resolvió que una orden anulando una sentencia en rebeldía es apelable.*

"Como puede verse, en el caso de *Dávila v. Barreiro* se trataba de una s'mple anotación de rebeldía. Se apeló de la orden dejando sin efecto dicha anotación y *esta corte declaró acertadamente que la referida orden no era apelable.* En los otros dos casos citados se trata de resoluciones dictadas después de sentencia. En el caso de *Savage v. Smith,* 154 Cal. 325, la Corte Suprema de California dice:

" '. . . . Ciertamente no es verdad que una orden dejando sin efecto una rebeldía, cuando aún no se ha dictado sentencia, puede ser objeto de una apelación separada. No es en sentido alguno una orden dictada después de sentencia y no es una de las órdenes interlocutorias enumeradas en el artículo 963 del Código de Enjuiciamiento Civil.'

"*Lapique v. Plummer,* 24 Cal. App. 685; *Rose v. Lelande,* 17 Cal. App. 308." (Itálicas nuestras.)

De acuerdo con la jurisprudencia anteriormente citada, la resolución de la corte inferior en este caso resulta claramente inapelable.

*Por falta de jurisdicción se desestima el recurso.*